## LUCY MARTINO *v.* GRACE-NEW HAVEN COMMUNITY HOSPITAL

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued December 3, 1958—decided January 27, 1959

*Herman S. Hodes,* for the appellant (plaintiff).

*Morris Tyler,* with whom, on the brief, was *William R. Murphy,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action to recover damages for personal injuries alleged to have been caused, while she was a patient in the defendant's hospital, by the negligence of the defendant and its servants and agents in failing to provide the bed occupied by her with railings to prevent her from falling from it and in failing to exercise reasonable care to prevent her from falling, and by the negligence of the defendant in failing to exercise reasonable care in the selection and employment of

735

its agents and servants. The plaintiff concedes that the defendant was a charitable organization. At the conclusion of the presentation of evidence to the jury, the court directed a verdict for the defendant and refused to set it aside upon the plaintiff's motion. The plaintiff has appealed, assigning error in the rulings of the court with respect to the verdict. She also claimed that the court erred in denying her request for a finding and in failing to find certain facts. As these last two assignments are not pursued in her brief, they are disregarded. *Bridgeport Hydraulic Co.* v. *Stratford,* 139 Conn. 388, 390, 94 A.2d 1. The decisive issue is, of course, whether the evidence could, under our law, have supported a verdict for the plaintiff.

The evidence was that the hospital routine was in accord with standard practices obtaining in similar hospitals. The plaintiff produced no evidence to the contrary. Although the jury may have disbelieved the defendant's witnesses, it was not entitled to conclude that the opposite was true. *Edwards* v. *Grace Hospital Society,* 130 Conn. 568, 575, 36 A.2d 273. Corporate neglect means neglect of the officers or managing directors who constitute the governing board of a corporation, as distinguished from the negligence of its ordinary employees, such as, in this case, the superintendent, supervisors, physicians and nurses of the defendant. If there was neglect in any of the respects alleged, but it was negligence of the employees, there is no liability on the part of the corporation. A charitable corporation is not liable for the negligence of employees whom it has selected with due care. *Edwards* v. *Grace Hospital Society,* supra, 571. There is nothing in the case to demonstrate that the defendant failed to use due care in the selection of any of its employees.

The plaintiff contends that the doctrine of charitable immunity, so far as it applies to charitable hospital corporations, should be abandoned. In 1955 an effort was made in the legislature to change the law. The bill in question was reported unfavorably and rejected. S.B. 597, 1955 Sess.; Conn. S. Jour., 1955 Sess., pp. 550, 563. "The rejection by the legislature of a bill designed to overrule a judicial precedent by legislative enactment furnishes strong reason for the court's refusal to reverse the precedent." *McDermott* v. *St. Mary's Hospital Corporation,* 144 Conn. 417, 422, 133 A.2d 608.

There is no error.