THE LEONARD BUILDING CORPORATION *v.* CITY OF NEW BRITAIN

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued June 4—decided July 31, 1959

*Valentine J. Sacco,* with whom were *Jerome I. Walsh* and, on the brief, *George J. Coyle,* corporation counsel, for the appellant (defendant).

*John J. Kenny,* with whom were *Samuel H. Aron* and, on the brief, *Israel Nair,* for the appellee (plaintiff).

MELLITZ, J.   The plaintiff owned property at 300 Main Street in New Britain.   Following a revaluation of real estate in the city pursuant to what is now § 12-62 of the 1958 Revision, the board of assessors valued the plaintiff's property at $960,441 and assessed it at 60 per cent of its value, or $576,260.   The practice of assessing property at a percentage of its value was held illegal in *E. Ingraham Co.* v. *Bristol,* 144 Conn. 374, 380, 132 A.2d 563, but was validated by the General Assembly at its 1957 session.   Public Acts 1957, No. 673, § 1. The board of tax review refused to reduce the assessment, and the plaintiff appealed to the Court of Common Pleas, where the value of the property was found to be $685,000 and the assessment was reduced to $411,000.

This appeal purports to be taken from the judg-

ment of the trial court reducing the valuation and assessment on both the land and the building of the plaintiff, but the assignment of errors does not effectively attack the court's findings concerning the valuation of the land and the reduction of the assessment thereon. Our discussion is, therefore, confined to the assignments of error relating to the valuation of the building.

The plaintiff's property is in a 90 per cent retail business location and is being devoted to its highest and best use. The building, erected in 1927 and extensively remodeled in 1938, is five stories in height in the front and two in the rear and has a basement. The basement, the first floor and the second floor are occupied, for the most part, by a retail department store; the three upper floors are rented to various tenants as offices. The assessors valued the building on the list of 1956 at $513,789 as the true and actual value, and assessed it at 60 per cent of this value, or $308,270. Two expert witnesses testified for the plaintiff and one for the defendant. All relied chiefly on the capitalization of stabilized net income approach to determine value. It was necessary to resort to some method or test other than market sales to determine value because there had been no sales of comparable real estate for many years. The finding recites in detail the figures relating to the gross income and the deductions to be made therefrom to arrive at the net income to be capitalized and thus to determine the value of the building by the capitalization of net income method. These figures are not disputed. The court concluded that the fair market value of the plaintiff's building on September 1, 1956, was $370,000, and that the proper assessment, at 60 per cent of the true and actual value, was $222,000.

The vital factors in the process of ascertaining value by the use of the capitalization of net income method are the capitalization rate and the method of recapture of the investment. Much caution must be exercised in their choice, because widely divergent results may ensue depending upon the selection made. *Burritt Mutual Savings Bank* v. *New Britain,* decided this day. One expert who testified for the plaintiff used a capitalization rate of 6 per cent and a 2 per cent rate of recapture. The other expert for the plaintiff used a capitalization rate of 8 per cent, and a rate of 1.326 per cent for recapture. The defendant's expert and the asssessors used a 5.5 per cent capitalization rate and, employing the Hoskold sinking fund method, a rate of recapture of 0.118 per cent. In arriving at its valuation of $370,000, the court employed a capitalization rate of 6.8 per cent and, by the straight line method, a 2.5 per cent rate of recapture.

To adopt a 6.8 per cent capitalization rate, the court had to find that the assessors were not justified in using a 5.5 per cent rate. There is no such finding. The burden was on the plaintiff to prove the lack of justification. *Burritt Mutual Savings Bank* v. *New Britain,* supra. There is likewise no support for the use by the court of the straight line method of recapture. Its use had its origin in a finding imported into this case from the finding made by the court in the *Burritt* case. In the memorandum of decision, which we may consult to ascertain the basis for the finding (Maltbie, Conn. App. Proc. §§ 152, 165) the court says that it determined in the *Burritt* case that the straight line method of amortization should be used; it adds that this method should also be employed in the instant case. In the absence of a stipulation, the findings and conclusions

in the *Burritt* case could not properly be used as a basis for the decision here. We found error in the *Burritt* case, partly on the ground that there was no support in the evidence for the court's conclusion that the method prevailing in New Britain for amortizing a capitalized investment in real estate such as the plaintiff's was the straight line method rather than the sinking fund method. The same finding has been made here. It is entirely without foundation in the evidence, as it was in the *Burritt* case. It appears in the finding here merely because it was part of the finding in the *Burritt* case and here, as in that case, the court determined that the straight line method was the amortization method to be employed. It may be noted, incidentally, that the highest rate of amortization to which any of the experts testified was 2 per cent. The finding discloses that the court established the value of $370,000 by capitalizing the net income and including in its computation a factor of amortization at the rate of 2.5 per cent by the straight line method. On the record here, the use by the court of the straight line method of amortization in preference to the Hoskold, or sinking fund, method, employed by the assessors, was not warranted. One method as a matter of law is not entitled to more weight than the other. *Attorney General* v. *Trustees of Boston Elevated Ry. Co.,* 319 Mass. 642, 670, 67 N.E.2d 676; *Pacific Gas & Electric Co.* v. *Devlin,* 188 Cal. 33, 45, 203 P. 1058. Since the record does not support the finding that the prevailing method for amortizing a capitalized investment in New Britain was the straight line method, the plaintiff, before the court was justified in using that method, had to establish that the method employed by the assessors, the Hoskold method, was not an acceptable or proper method

under the circumstances. There was no burden on the defendant to prove that the Hoskold method was a proper one or the more appropriate one to employ.

The determination of the value for taxation purposes of the property involved in an appeal such as this is, in general, left as a question of fact for the trier, provided no rule of law is violated. *National Folding Box Co.* v. *New Haven,* 146 Conn. 578, 588, 153 A.2d 420; *Connecticut Savings Bank* v. *New Haven,* 131 Conn. 575, 584, 41 A.2d 765. Here, however, the trial court indicated clearly the method by which it arrived at its conclusion as to value and that in the process it employed a factor which was inadmissible in the circumstances. The court erred in its conclusion as to the value of the building. A new trial of all issues is required.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred except DALY, C. J., who died after the cause was argued and before the opinion was adopted by the court.