MARGARET T. TAYLOR *v*. HAMDEN HALL SCHOOL, INC.
(three cases)

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued May 2—decided June 19, 1962

*Sherman Rosenberg,* with whom, on the brief, was *Jack D. Barnston,* for the appellant-appellee (defendant).

*Donald F. Keefe,* with whom was *William R. Murphy,* for the appellee-appellant (plaintiff).

ALCORN, J.   Three cases have been argued together, each being an appeal from a judgment of the Court of Common Pleas. The plaintiff brought three foreclosure actions on the same day—one, to foreclose a mortgage, dated June 1, 1927, given by the defendant's predecessor in title to secure a $30,000 note of even date payable to John P. Cushing and thereafter assumed by the defendant with an agreement to pay the note; another, to foreclose a mortgage, dated October 23, 1944, given by the defendant to secure a note of even date for $3000 payable to the plaintiff's husband; and the third, to foreclose a mortgage given by the defend-

ant on December 21, 1950, to secure a note of even date for $65,000 payable to the plaintiff and her husband or the survivor. The $65,000 mortgage covered six parcels of land, of which one was subject to the $3000 mortgage and three others were subject to the $30,000 mortgage. The defendant, in its answer in the action to foreclose the $30,000 mortgage, denied the allegations of the complaint and pleaded, as a special defense, the breach of a fiduciary duty owed to the defendant by the plaintiff's husband which, because of the plaintiff's knowledge thereof, invalidated her claim under the note and the mortgage and prevented her from being a bona fide holder in due course. In each of the other two actions, the defendant denied the allegations of the complaint and pleaded in a special defense that there was a lack of consideration, that the notes and mortgages were executed without authority and as a result of material misrepresentations of fact on which the defendant relied and that the plaintiff knew all of the facts. The court found the issues in each case for the plaintiff and rendered judgment of foreclosure. The defendant appealed in each case. The court, in the action involving the $65,000 mortgage, found the principal of the debt to be $39,000, with $7410 interest from July 3, 1956, and awarded attorneys' fees of $2500. In this case, the plaintiff filed a cross appeal, attacking the conclusion as to the amount of the debt. The appeals were not joined as they might have been. Practice Book § 382. Consequently, we are confronted by three separate records and must, in the consideration of each case, limit ourselves to the findings and conclusions in each case. *Leonard Building Corporation* v. *New Britain,* 146 Conn. 681, 684, 154 A.2d 614.

Certain of the facts are basic to all three cases. These we shall set forth first and, subsequently, recite such other facts as are pertinent to the determination of the individual appeals. The defendant is a nonstock, charitable and educational corporation, managed by a board of trustees, which has assumed the assets and liabilities of its predecessor corporation, Hamden Hall Associates, Inc. It conducts the Hamden Hall Country Day School, providing education for boys and girls from kindergarten through the high school level. Hamden Hall Associates, Inc., was established about forty-five years ago. The plaintiff is the widow of E. Stanley Taylor, who was headmaster of the school from 1933 until his death on July 3, 1956. Following the depression in 1929, the school fell into financial difficulties and was unable to meet its expenses. This condition continued through the 1930's and the early part of the 1940's.

Upon this general background, we consider the appeals in the order of the execution of the several mortgages, referring to them, for reasons which will be apparent, as the Cushing mortgage ($30,000), the Vreeland mortgage ($3,000), and the gymnasium mortgage ($65,000).

In the Cushing mortgage case, the defendant alleged by way of special defense that Taylor had secretly purchased the note and the mortgage while he was a fiduciary agent of the defendant and without disclosing the facts to the defendant; that, therefore, Taylor's claim under the note and the mortgage was invalid; and that, as the plaintiff had notice of the facts and was not a holder in due course, her claim under the note and the mortgage is likewise invalid.

The court concluded that the note and the mort-

gage were in proper form, duly executed and acknowledged by the proper officers of the school, and prima facie valid; that the defendant had not proved its special defense or that the note was invalid; that although Taylor attended the meetings of the board of trustees ex officio, by reason of his status as headmaster, he was not a member of the board of trustees at the time of or after his acquisition of the mortgage and was not in a fiduciary position when he purchased it; that the transaction was entirely fair to the school and the obligation undertaken was enforceable by Taylor and is enforceable by the plaintiff in its present amount of $20,500; that the trustees were and are chargeable with knowledge of Taylor's purchase; that the defendant, after having accepted large gifts from the Taylors without repudiating the mortgage debt, is estopped to deny its liability in full; and that the sum of $20,500 is owed to the plaintiff with interest at 6 percent from July 1, 1956. Judgment of strict foreclosure was rendered with July 10, 1961, designated as the law day. The debt was found to be $20,500, principal, plus interest of $3460.

The finding in the Cushing mortgage case, which is not subject to correction, discloses these additional facts: John P. Cushing headed the school when it was founded. On June 1, 1927, the defendant's predecessor, in exchange for its acquisition of land and buildings, executed a note for $30,000 payable to Cushing. The note was secured by the mortgage in issue. On June 28, 1951, the defendant acquired the mortgaged premises by warranty deed, in which it assumed and agreed to pay the mortgage debt. Upon Cushing's death in 1941, his executor sold the note and mortgage to E. Stanley Taylor. The assignment was recorded in the Hamden land

records on August 5, 1941. Taylor, at the time he acquired the mortgage, as well as for many years before and after, served the school as headmaster without salary and attended every reported meeting of the board of trustees, except one. The trustees reposed the highest faith and confidence in Taylor and did not question the school's financial affairs. For a number of years after Taylor's purchase of the Cushing mortgage, the interest thereon was paid by the school. The treasurer signed checks in blank, and the assistant treasurer reviewed the checks in payment of interest, knew their purpose, and that they were paid to Taylor. Upon Taylor's death in 1956, the Cushing mortgage went, under his will, to his sister, from whom it was purchased by the plaintiff, who knew that Taylor had acquired it at a discount.

The defendant, in its appeal from the judgment foreclosing the Cushing mortgage, has assigned error in rulings on evidence, in the court's conclusions and in the overruling of the defendant's claims of law. The rulings on evidence are not presented in accordance with Practice Book § 405, and therefore we do not consider them. *Martyn* v. *Donlin*, 148 Conn. 27, 30, 166 A.2d 856; *Metz* v. *Hvass Construction Co.*, 144 Conn. 535, 538, 135 A.2d 363.

The remaining assignments of error focus on the defendant's claim that Taylor occupied a fiduciary status with the school which affected his acquisition of the Cushing mortgage. The burden of proving the existence of that relationship rested on the defendant under the pleadings. *State ex rel. Capurso* v. *Flis*, 144 Conn. 473, 477, 133 A.2d 901; *Mercer Electric Mfg. Co.* v. *Connecticut Electric Mfg. Co.*, 87 Conn. 691, 697, 89 A. 909. The court concluded

that this burden of proof had not been sustained. This conclusion is to be tested by the facts found and must stand unless it is legally or logically inconsistent with those facts or unless it involves the application of some erroneous rule of law material to the case. *Yale University* v. *Benneson,* 147 Conn. 254, 255, 159 A.2d 169.

An agent is a fiduciary with respect to matters within the scope of his agency. *Santangelo* v. *Middlesex Theatre, Inc.,* 125 Conn. 572, 578, 7 A.2d 430; Restatement (Second), 1 Agency § 13. He is not in a fiduciary relation to his principal, however, in matters in which he is not employed, unless the nature of the agency is such as to create a confidential relation in all matters. Restatement (Second), 2 Agency § 390, comment d. There is nothing in the finding to indicate the nature of Taylor's duties or the extent of his agency as headmaster. The defendant's claim would have substance if the transaction involving the Cushing mortgage was encompassed within the field of Taylor's employment or was within the ambit of a general confidential relationship. The court found that the trustees and the corporation "reposed in . . . [Taylor] the highest degree of faith and confidence." It does not follow from this finding that such faith and confidence extended beyond those matters within the scope of Taylor's undefined duties as headmaster. Judgments of a court are assumed to be well-founded and regular, and "nothing will be held to be irregular but that which specially appears so." *Valente* v. *Porto,* 93 Conn. 146, 149, 105 A. 338. The court's conclusion that Taylor was not in a fiduciary position in his acquisition of the Cushing note and mortgage must be taken to mean that the trustees reposed faith and confidence in him in matters within

the scope of his duties as headmaster, to the exclusion of any general confidential relationship, and that the duties of headmaster did not include the school's real estate dealings. Nothing in the subordinate facts requires a different conclusion. The remainder of the defendant's claims of error either are dependent on establishing a fiduciary status or refer to the court's rulings on claims of law which, for reasons given hereinafter in the like situation prevailing in the appeal in the gymnasium mortgage case, were not properly stated and are therefore not to be considered.

In the action to foreclose the Vreeland mortgage, the defendant alleged by way of special defense that the obligation was without consideration, that the note and the mortgage were executed without authority and as a result of material misrepresentations of fact on which the defendant relied and that all of the facts were known to the plaintiff. Beyond the basic facts stated at the outset, the finding in this case discloses the following: On October 23, 1944, the school purchased a parcel of land from Colonel Herbert H. Vreeland, Jr., for $6500. Taylor paid $3000 toward the purchase price, and the school paid the balance. In return for Taylor's payment, the school, through its treasurer, executed a demand note for $3000 payable to Taylor and secured the note by a mortgage deed of even date. The plaintiff knew of this transaction. On May 25, 1945, the trustees ratified the purchase of the Vreeland property. After Taylor's death, his executors, of whom the plaintiff was one, assigned the note and the mortgage, as directed in Taylor's will, to his sister, who, on the same day, assigned them to the plaintiff for $3000, plus accrued interest. The plaintiff still owns the note and the mortgage, and

there is due thereon the entire principal with interest from April 24, 1956, plus attorney's fees for collection.

The court concluded that the note and the mortgage are in proper form, duly executed and acknowledged by the proper officers of the school, and prima facie valid; that the defendant did not prove that the note and the mortgage are invalid or that they were executed as a result of material misrepresentations of fact upon which the defendant relied; that equity will not regard the defense of lack of authority in this action between the original mortgagor and the mortgagee's successor in interest; that the note and the mortgage were for a good consideration and were valid in the hands of Taylor and remain valid in the hands of the plaintiff; that the purchase of the Vreeland property and the execution of the mortgage to Taylor incident thereto were ratified and approved by the trustees; that the execution of the mortgage was a valid transaction in all respects and the obligation undertaken is enforceable by the plaintiff in the amount of $3000, plus interest from April 24, 1956. The court rendered judgment of strict foreclosure and fixed July 10, 1961, as the law day. The principal of the debt was found to be $3000, with interest of $720, and attorneys' fees of $450 were allowed. The defendant, in its appeal from that judgment, assigns error in the finding, in the conclusions, and in the court's action in overruling its claims of law.

The defendant claims that certain facts should be added to the finding on the ground that they are admitted or undisputed. However, it printed no evidence in an appendix to its brief in accordance with Practice Book § 447, and none of the exhibits are properly before us. *Goldblatt* v. *Ferrigno,* 138

Conn. 39, 41, 82 A.2d 152. Since the record does not disclose that any of the facts which the defendant seeks to have added are admitted or undisputed, no additions to the finding can be made.

The assignments of error attacking certain paragraphs of the finding as being found without evidence are considered abandoned because of the failure to pursue them in the brief. *Martino* v. *Grace-New Haven Community Hospital*, 146 Conn. 735, 736, 148 A.2d 259; *Dumond* v. *Denehy*, 145 Conn. 88, 91, 139 A.2d 58.

The only claim which the defendant chose to present in its brief is that, because of Taylor's claimed fiduciary status, it was the plaintiff's burden to prove a valid ratification of the mortgage, and this she failed to do. The pleadings did not raise the fiduciary issue, and the defendant's claims of law do not show that the issue was raised at the trial. That the issue was not raised below is emphasized by the absence of any conclusions on the point in the finding. Consequently, we do not consider the claim respecting Taylor's fiduciary status. Practice Book § 409. Even if the claim was properly before us, however, the finding contains insufficient facts to sustain it. With the fiduciary issue absent, it is unnecessary to discuss the claim concerning ratification based upon it.

In the action to foreclose the gymnasium mortgage, the defendant filed the same special defense as in the Vreeland mortgage case. In addition to the general facts stated at the outset, the finding in this case, with the single addition to which the defendant is entitled, discloses the following: Taylor was the active manager of the school. In 1946, the trustees contemplated an attempt to raise funds to build a new gymnasium, and interest in the proj-

ect continued thereafter. At a meeting of the trustees on October 27, 1950, Taylor discussed the proposed gymnasium, stating that it would be possible to go ahead with the construction, but that he needed the authorization of the board to purchase the steel. He stated that the project could be financed and that the plaintiff and he would see to it that all of the costs would be met. The board thereupon voted "that the officers and Mr. and Mrs. Taylor be authorized to take whatever steps are necessary to effect the erection of the gymnasium." On December 21, 1950, the defendant, by its president, and treasurer, executed a mortgage and note in the principal sum of $65,000, payable to Taylor and the plaintiff and the survivor, bearing interest at the rate of 5 percent per annum and providing for attorney's fees for collection. The school's building program of 1950-1952 was the largest in its history. Between 1949 and 1956, the Taylors paid into the school a total of $323,750. Total payments from the school to the Taylors from 1942 to 1956 amounted to $217,529.70. Five checks, totaling $39,000 and drawn to the school by Taylor in the latter part of 1950, appear in the school records as "S. Taylor, towards new gym." These checks were recorded in Taylor's checkbook as a mortgage loan toward the new gymnasium.

The court concluded that the note and the mortgage were duly executed and acknowledged by the proper officers of the defendant and are prima facie valid; that the special defense of lack of authority is not available in this equitable action between the original parties; that the defendant had not proved a misrepresentation; that the amount actually loaned controls the recovery; and that the loan made upon the giving of the mortgage and note was

$39,000. It rendered judgment of strict foreclosure and fixed July 10, 1961, as the law day. The principal of the debt was found to be $39,000 with interest of $7410, and an attorney's fee of $2500 was allowed.

The defendant's assignments of error relating to rulings on evidence are not considered because of the failure of the defendant to comply with § 405 of the Practice Book. *Martyn* v. *Donlin,* 148 Conn. 27, 30, 166 A.2d 856; *Metz* v. *Hvass Construction Co.,* 144 Conn. 535, 538, 135 A.2d 363.

The defendant contends that the court erred in overruling its twenty-two claims of law. Some of them are not pursued in the brief and are therefore considered abandoned. *Martino* v. *Grace-New Haven Community Hospital,* 146 Conn. 735, 736, 148 A.2d 259; *Dumond* v. *Denehy,* 145 Conn. 88, 91, 139 A.2d 58. Others are statements of law too elementary to require discussion. *Allis* v. *Hall,* 76 Conn. 322, 339, 56 A. 637. The remaining claims are abstract principles which are merely restated in the brief with citations of authority. No attempt is made to apply them to the facts of this case, and we do not consider claims thus presented. See *Marra* v. *Kaufman,* 134 Conn. 522, 529, 58 A.2d 736. Furthermore, most of the claims pertain to the duties of a fiduciary. The special defense did not raise that issue in this case, nor did the defendant assert that Taylor was in a fiduciary status in its claims of law. Neither the finding nor the memorandum of decision mentions the issue. The memorandum of decision and the finding, on the contrary, indicate that the defendant's claim below was that the $65,000 was a gift. Since it does not appear that the claim now asserted was raised in and decided by the trial court, we are not obliged to consider it. Practice Book § 409.

With one exception, the attack on the court's conclusions has been abandoned by the failure of the defendant to pursue in its brief the errors claimed. *Martino* v. *Grace-New Haven Community Hospital,* supra; *Dumond* v. *Denehy,* supra. The single claim pursued is that the subordinate facts do not support the conclusion that the amount actually loaned and secured by the note and mortgage was $39,000. The argument is that the subordinate facts fail to support the conclusion of a valid mortgage loan in any amount. The court has found, however, that the note and the mortgage are in proper form, duly executed and acknowledged by the proper officers of the defendant, and prima facie valid. The note was negotiable in form. General Statutes § 39-2 (repealed, Public Acts 1959, No. 133, § 10-102; see General Statutes § 42a-3-104). Therefore, it is deemed prima facie to have been issued for a valuable consideration, and the burden of proving absence or failure of consideration rested on the defendant. General Statutes § 39-25 (repealed, Public Acts 1959, No. 133, § 10-102) ; *Fisher* v. *Lehrer,* 149 Conn. 106, 110, 175 A.2d 707; *Kessler* v. *Valerio,* 102 Conn. 620, 624, 129 A. 788. The finding does not indicate that the defendant sustained this burden.

The basic contention of the plaintiff on her cross appeal is that the court erred in concluding that the amount actually loaned by Taylor in connection with the gymnasium mortgage was only $39,000 and in fixing the mortgage debt, in its judgment, at that figure instead of at $65,000. The finding and the memorandum of decision, which may be consulted to explain the finding, disclose that the court fixed the mortgage debt at $39,000 on the theory that the amount actually loaned must control the determination of the amount of the mortgage debt, that the

burden of proving the amount loaned was on the plaintiff, and, therefore, that the inability of the accountants to demonstrate that the amount loaned exceeded $39,000 must redound to the plaintiff's disadvantage. We do not discuss the court's proposition that the amount loaned necessarily controls the determination of the debt. See *Atlas Realty Corporation* v. *House,* 120 Conn. 661, 666, 183 A. 9. The court, by shifting to the plaintiff the burden of proof on the issue of the amount loaned, placed its determination of the amount of the debt on an unsupportable basis.

The court found that interest was due on the note at the rate of 5 percent per annum from May 17, 1951. The judgment, however, allowed the recovery of interest only from July 3, 1956, the date of Taylor's death. The note does not specify the date from which interest was to run. Therefore, interest ran from the date of the instrument. General Statutes § 39-18 (repealed, Public Acts 1959, No. 133, § 10-102; see General Statutes § 42a-3-118). The plaintiff, however, claims interest only from May 17, 1951. The judgment should also be corrected, therefore, to award interest from that date.

There is no error on the defendant's appeal in each case; the cases No. 5112 and No. 5113 must be remanded with direction to modify the judgments by fixing new law days. There is error on the plaintiff's appeal, the judgment in case No. 5111 is set aside and the case is remanded with direction to render judgment in accordance with this opinion, including the fixing of new law days.

In this opinion the other judges concurred.