THE TRADESMENS NATIONAL BANK OF NEW HAVEN
*v.* MADELINE T. MULLIGAN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 6-637-11142

Argued April 20—decided July 21, 1964

*Paul J. Falsey,* of New Haven, for the appellant (defendant).

*David B. Greenberg,* of New Haven, for the appellee (plaintiff).

KINMONTH, J.   This action was brought on a promissory note made by the defendant and payable to the plaintiff.   The defendant denied the allegations of the complaint and filed a special defense alleging lack of consideration and a counterclaim for the amount paid on the note.   The court found the issues for the plaintiff and the defendant has appealed, assigning as error the court's refusal to correct the finding and that the conclusions are not supported by the facts found.   As the first assignment is not pursued in her brief, it is considered abandoned.   *Martino* v. *Grace-New Haven Community Hospital,* 146 Conn. 735, 736.

The court's finding may be summarized as follows: On September 23, 1960, Eugene J. Mulligan, the defendant's husband, executed a note and chattel mortgage to the plaintiff on his 1960 Chrysler automobile.   He died on July 1, 1962, at which time there

remained a balance due on the note. At the time of the loan to the decedent, automobile loans of this kind were protected by insurance on the lives of eligible borrowers (up to and including sixty-four years of age). At the time of the loan, the decedent was seventy years of age. Stamped on the margin of his note were the following words: "This loan is protected by life insurance. In the event of the death of ............ before maturity the balance then due will be canceled." These words were crossed out with ink lines and no name appeared on the dotted line. The same words were stamped on the payment booklet and on the dotted line appeared the name of Eugene Mulligan. The insurance stamp is not a part of the note or booklet form but was impressed thereon separately. The payment booklet was prepared the day after the signing of the note by a different employee of the plaintiff. No such stamp appeared on the chattel mortgage. The decedent told his wife that the loan was protected by insurance and she had nothing to worry about. The defendant was informed that the note of the decedent was not protected under the plaintiff's insurance plan, as the insurance stamp had been inked out prior to execution. She made four monthly payments and then became interested in having title to the Chrysler automobile transferred to her name. On November 15, 1962, the defendant executed a note for the balance due on her husband's note, and a chattel mortgage, and the automobile was transferred to her; simultaneously, the old note and chattel mortgage were canceled. The court concluded that the note in suit was executed and delivered by the defendant and is supported by valid consideration. The court concluded also that the defendant failed to sustain the burden of proof that the prior loan was protected by insurance or that there was any agreement between the plain-

tiff and the decedent that the note was to be canceled upon his death, or that he borrowed the money on any representation that the loan was to be so protected, and found the issues for the plaintiff.

The real issue in this case is where the burden of proof lies on the question of the defendant's special defense of lack of consideration. The defendant's note was negotiable in form and therefore is deemed, prima facie, to have been issued for valuable consideration, and the burden of proving absence or failure of consideration rested on the defendant to prove by a fair preponderance of the evidence. *Taylor* v. *Hamden Hall School, Inc.,* 149 Conn. 545, 558; *Fisher* v. *Lehrer,* 149 Conn. 106, 110. The defendant maintains that the balance of decedent's note remaining unpaid at his death was canceled by virtue of the agreement entered into by the plaintiff and the decedent when he borrowed the money, that is, that the plaintiff had represented that the loan was protected by life insurance, and the decedent borrowed the money and signed the note in reliance thereon; and that if the note was canceled on his death then there was no consideration for the note in suit. The defendant's evidence touching on this claim consists of the presence of the insurance stamp on Mulligan's note and passbook, that the bank advertised the protection of such loans, and that the decedent had told the defendant his loan was so protected. The defendant introduced no direct testimonial evidence that the plaintiff represented that the loan to the decedent was an insured one, but maintains that the burden shifted to the plaintiff to establish that the insurance stamp on the note had been inked out prior to its being signed, that from the plaintiff's failure to call the bank official who had the dealings with the decedent an inference could be drawn that the testimony would be adverse to the plaintiff and

that therefore the court could find the issues for the defendant. The burden did not shift to the plaintiff, for the burden of proof of establishing the special defense rested on the defendant to prove by a fair preponderance of the evidence. *Taylor* v. *Hamden Hall School, Inc.,* supra.

We have consulted the memorandum of decision for the limited purpose permitted *(Vitale* v. *Gargiulo,* 144 Conn. 359, 366) and note that the bank employee who handled the decedent's loan was in the courtroom during the trial and was known by the defendant to be in attendance, yet he was not called as a witness. "'The failure of a party to produce a witness who is within his power to produce and who would naturally have been produced by him, permits the inference that the evidence of the witness would be unfavorable to the party's cause.' [*Ezzo* v. *Geremiah,* 107 Conn. 670, 677.] . . . A witness who would naturally be produced by a party is one who is known to that party and who, by reason of his relationship to that party or to the issues, or both, could reasonably be expected to have peculiar or superior information material to the case which, if favorable, the party would produce." *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675. As the burden was on the defendant to prove her special defense, it could well be that her failure to call a witness, available to her, could result in an adverse inference to her cause. "In the absence of direct evidence, the trier is entitled to draw reasonable and logical inferences. . . . Conclusions, however, ought not to be based upon guess or speculation. . . . Whether the subordinate facts found warrant a particular inference therefrom is for the trier to determine, and if the trier concludes that they do not his conclusion in that regard must stand unless no reasonable person could reach it." *Bruce* v. *McElhannon,* 141 Conn. 44, 47.

As the court's conclusions must be tested by the subordinate facts found, we cannot say the court erred in concluding that the defendant failed to sustain her burden of proof. From the facts found, the court drew an inference that the insurance stamp on the note had been inked out prior to its execution. "[I]n a civil case proof of a material fact by inference from circumstantial evidence need not be so conclusive as to exclude every other hypothesis. It is sufficient if the evidence produces in the mind of the trier a reasonable belief in the probability of the existence of the material fact." *Dickson* v. *Yale University*, 141 Conn. 250, 253.

From the facts found, the court was warranted in finding that the prior note was not insured and that the note in suit was given for good and valid consideration. It naturally follows that if the defendant failed to prove lack of consideration her counterclaim also fails.

There is no error.

In this opinion JACOBS and LEVINE, Js., concurred.