Janet J. PILGRAM, Appellant,

v.

MISSOURI REAL ESTATE
COMMISSION,
Respondent.

No. WD 45354.

Missouri Court of Appeals,
Western District.

July 21, 1992.

James W. Gallaher, Carson & Coil, Jefferson City, for appellant.

William L. Webster, Atty. Gen., Jane A. Rackers, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., and TURNAGE and BRECKENRIDGE, JJ.

TURNAGE, Judge.

Janet J. Pilgram appeals from the judgment of the circuit court which affirmed the action of the Missouri Real Estate Commission in revoking her real estate broker's license. Pilgram contends there was insufficient evidence to find her license was subject to discipline. Reversed.

The Real Estate Commission caused a complaint to be filed with the Administrative Hearing Commission (AHC) as provided by § 339.100.2, RSMo 1978, alleging that Pilgram concealed or omitted material facts in the conduct of her business, failed to deliver a duplicate original of a document to her client and displayed other conduct constituting untrustworthy, improper or fraudulent business dealings.

The AHC held a hearing on the complaint in August, 1984. The AHC found that Pilgram's license was subject to discipline and thereafter the Real Estate Commission revoked such license in December, 1986. An appeal was taken to the circuit court and in August, 1991, that court affirmed the revocation.[1]

There is no dispute as to the facts. Pilgram is a real estate broker in St. Joseph. In April, 1983, William and Jane Derington owned a home in St. Joseph which they were trying to sell themselves. Pilgram learned of the Deringtons' desire to sell their home and contacted them to see if she could show their home. The Deringtons agreed and Pilgram was successful in procuring a buyer. The Deringtons entered into a contract with the buyer procured by Pilgram which provided for the Deringtons to carry a part of the purchase price. The contract was made subject to the approval by the Deringtons of the buyer's credit.

The contract for the sale of the Deringtons' home was signed on April 16, 1983. On the next day Pilgram called Mrs. Derington and asked her about some of the features of the house. Mrs. Derington testified that Pilgram stated that the information was for the office and for Pilgram to obtain credit for the sale with the Multiple Listing Service (MLS).

Following the telephone conversation, Pilgram completed a form which was used by MLS for realtors to report sales of real estate. Pilgram testified that this information was accumulated on each realtor for the purpose of determining when realtors were eligible for membership in the Million Dollar Sales Club. Pilgram stated that the location and sales price of each tract of real estate which was sold was compiled by MLS and made available to realtors for the purpose of determining the value of real estate through the comparable sales method. The form utilized by MLS contained two lines designated for the owner of the real estate to sign. When Pilgram completed the form she signed the names of the Deringtons and gave the form to MLS.

Pilgram testified that she gave the form to MLS solely for the purpose of building up her credits in the Million Dollar Sales Club and for the information to be used in establishing comparable sales.

Within a few days after the Deringtons signed the contract for the sale of their house, a credit report was received indicating the buyer had taken bankruptcy. The Deringtons declared the contract null and void because they did not approve the credit of the buyer. Pilgram stated that she immediately contacted MLS to inform it that the sale was not going to be completed and the form which she filed with MLS was marked "canceled" on April 22, 1983.

When the Deringtons contacted another real estate agent about selling their house, that agent discovered that Pilgram furnished information to MLS on the form used by it and told the Deringtons. It was then that the Deringtons learned that Pilgram had signed their name to the form.

It is undisputed that Pilgram did not make any use of the form filed with MLS except for her stated purpose of obtaining

1. The history of this case indicates long time lapses between decisions. Although the record is not clear, this court was informed in oral argument that apparently the parties did not actively pursue this case until shortly before the circuit court decision.

credit for the sales club and for the information to be used in establishing comparable sales.

The AHC made findings of fact in which it found that Pilgram omitted to tell the Deringtons that she was signing their names to a legally binding contract. The AHC found this to be a breach of her fiduciary duty to make full disclosure and the omission of a material fact under § 339.100.2(2) and subjected Pilgram's license to discipline. The AHC further found Pilgram failed to give the Deringtons a duplicate original of the form on which she had signed their names and that this was a violation of § 339.100.2(5) and subjected her license to discipline.

The Real Estate Commission may file a complaint with the AHC under § 339.100.2 if there is a probability that a licensee has performed any acts mentioned in § 339.-100.2(1) through (18). The only subsections in question in this case are §§ 339.100.2(2) and (5) which provide:

> (2) Making substantial misrepresentations or false promises or suppression, concealment or omission of material facts in the conduct of his business or pursuing a flagrant and continued course of misrepresentation through agents, salespersons, advertising or otherwise in any transaction;

> (5) Failure to deliver, immediately at the time of signing, a duplicate original of any and all instruments to any party or parties executing the same where the instruments have been prepared by the broker or under his supervision or are within his control, including, but not limited to, the instruments relating to the employment of the broker or to any matter pertaining to the consummation of a lease, listing agreement or the purchase, sale, exchange or lease of property, or any type of real estate transaction in which he may participate as a broker;

■ Pilgram first contends there is no evidence to support the finding by the AHC that she breached her fiduciary duty to make full disclosure when she failed to inform the Deringtons that she had signed their names to the MLS form and that this constituted the omission of a material fact. Pilgram contends the form was intended only for the internal use of MLS and was not used for any other purpose. The evidence is undisputed that Pilgram used the MLS form for her own personal use in an attempt to build up credit in her sales record to gain membership in a sales club. She also supplied the form for the purpose of giving information to be used by people seeking to establish the value of real estate through the comparable sales method. Neither of these purposes had anything to do with the relationship between Pilgram and the Deringtons in the sale of the Deringtons' house. The Deringtons had already signed a contract for the sale of their house and had agreed to pay Pilgram for the sale if it went through. The MLS form was not used for any purpose other than information unconnected with the duty Pilgram owed to the Deringtons in the sale of their house.

Restatement, Second, Agency § 13, provides that "An agent is a fiduciary with respect to matters within the scope of his agency." In *Taylor v. Hamden Hall School, Inc.*, 149 Conn. 545, 182 A.2d 615, 618[4–6] (1962), the court relied on § 13 of the Restatement in holding, "[H]e is not in a fiduciary relation to his principal, however, in matters in which he is not employed, unless the nature of the agency is such as to create a confidential relation in all matters." In *Latimer v. Perry*, 410 Ill. 119, 101 N.E.2d 531, 535[2–4] (1951), the court held that an "agent is a fiduciary only with respect to matters within the scope of the agency."

The reporting of information to the MLS was undertaken by Pilgram completely separate and apart from any duties which she had to the Deringtons in relation to the sale of their house. The reporting was solely for the personal benefit of Pilgram and whether or not she had reported the information would have made no difference in her conduct as a realtor representing the Deringtons in the sale of their house. While Pilgram filed the MLS form in her capacity as a realtor, the reporting of the information to MLS fell outside of the mat-

ters encompassed within the scope of her agency in relation to the Deringtons. There was nothing in the filing of the form that affected the sale of the Derington house. Furthermore, the MLS form did not become binding on the Deringtons because they did not sign it, nor was there any evidence that they intended the form to be binding on them in any way. *Robinson v. Powers*, 777 S.W.2d 675, 679[2, 3] (Mo. App.1989). For these reasons her failure to inform the Deringtons that she had signed their names to the form was not a breach of her fiduciary duty to them.

The omission of material facts may also be grounds for discipline of a real estate license under § 339.100.2(2). In *Dittmeier v. Missouri Real Estate Commission*, 237 S.W.2d 201, 206[7–9] (Mo.App. 1951), the court held that a fact is material "if it is one which the agent should realize would be likely to affect the judgment of the principal in giving his consent to the agent to enter into the particular transaction on the specified terms." It is undisputed that the Deringtons had already signed a contract to sell their house and there was nothing about the form which could have affected their judgment in entering into a contract to sell their house. Indeed they had made all of their decisions regarding the sale of their house before Pilgram filed the form with MLS. Thus, the filing of the form by Pilgram could not have constituted a material fact within the definition of that term.

Under the facts in this case, the Deringtons suffered no damage from Pilgram signing their names to the form. That is not to say that this court condones the signing of other persons names without their knowledge or consent. However, in this case the act of Pilgram did not constitute a breach of fiduciary duty or the omission of a material fact.

The AHC also found that Pilgram's license was subject to discipline because she signed their names to the MLS form without giving a duplicate original of such form to the Deringtons. Section 339.100.-2(5) requires a duplicate original to be given to all parties "executing the same."

Here, the Deringtons never executed the form and under the plain language of the statute a copy thereof was not required to be given to them.

The standard of review in this case calls for this court to review the record in the light most favorable to the AHC decision and to affirm that decision if it is supported by substantial evidence. *Bd. of Reg. for the Healing Arts v. Levine*, 808 S.W.2d 440, 441–42[2] (Mo.App.1991). There is no substantial evidence to support the finding that Pilgram breached her fiduciary duty to the Deringtons or omitted a material fact in the conduct of her business relationship with them or that she failed to deliver a duplicate original of any forms signed by the Deringtons. The action of the AHC and the order of the Real Estate Commission in revoking Pilgram's license are considered as one decision on this appeal, § 621.145, RSMo 1978. Because the findings and conclusions of the AHC are unsupported by the evidence, it follows that the revocation of Pilgram's license by the Real Estate Commission cannot stand. The decision revoking Pilgram's real estate broker's license is reversed.

All concur.