[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Plaza Realty Management Corporation, has moved (#113) for summary judgment in its suit against the defendant, Sylvan Knoll Section II, Inc., a cooperative, for a fee allegedly earned in gaining a reduction for the defendant in real estate taxes due to the city of Stamford on the grand list of 1993.
In support of its motion for summary judgment, the plaintiff attached to its affidavit a copy of a contract dated December 29, 1993, and signed by the plaintiff and by the president of the defendant on February 2, 1994. In this contract, the defendant hired the plaintiff, a realty management firm, to "represent" the defendant in connection with "appeals to be taken from assessments issued by the City of Stamford on the list of October 1, 1993." The agreement also provided that the plaintiff was obliged to undertake all necessary steps to challenge the recent assessment by the City of Stamford of the above-described property, which assessment applied to the subsequent ten year period. The agreement provided for a "contingent" fee of "100% of the dollar amount of your tax savings for one year" in the event the plaintiff was "successful" in obtaining a reduction of the tax assessment. The agreement also provided that if the plaintiff were successful in its efforts to reduce the assessment, "any such tax savings would benefit [the defendant] for ten years."
The moving papers include an affidavit by Frank Kirwin, the tax assessor for the city of Stamford, who states that the original assessment on the grand list of 1993 for the premises owned by the defendant was $6,796,790, and that the reduced CT Page 9792 assessment made in January, 1995, was $4,573,068, which resulted in a one-year tax savings for the defendant of $77,163. The assessor adds in his affidavit that "all the settlement negotiations" regarding this reduction were between himself on behalf of the city and the plaintiff on behalf of the defendant. The plaintiff brought the present action because the defendant refused to pay the one-year tax savings, $77,163, specified in the contract of December 29, 1993.
The standard for the granting or denial of a motion for summary judgment is well established. "Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."Barrett v. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748
(1995).
The affidavit submitted by the defendant in opposing the plaintiff's motion for summary judgment fails to present or raise any genuine issue of material fact. The affidavit is that of Patricia Reid Held, the president in 1994 and 1995 of the defendant, who describes the defendant as a "non-profit corporation that owns 145 cooperative apartments and the related common areas in Stamford, Connecticut." The plaintiff characterizes the theory of the defendant in resisting payment of the invoice for the one-year tax savings as a claim that the "Plaintiff did its job too well . . . since [the defendant] received the benefit of an incredible $77,000 annually in tax savings, they are crying foul. It is difficult to follow the logic of such a defense."
In any event, the Held affidavit seems to say that the defendant had no idea that the plaintiff would be as successful as it was in negotiating a reduction of the defendant's revaluation assessment in an amount of over $770,000 for the ten year assessment period in question. The affidavit states that one of the members of the defendant's board "believed" that the plaintiff's fee would be in the "range" of $3,000 to $5,000. However, the defendant never included in the contract of employment a payment ceiling or maximum fee to which the plaintiff would be entitled no matter how large a tax savings it negotiated for the defendant. CT Page 9793
The affidavit in opposition to summary judgment makes several other contentions, none of which raises any genuine issue of material fact. The first claim is that the plaintiff knew that its efforts would be easy and successful because the revaluation was based on an assumption by the assessor that the subject premises were held in a condominium form of ownership, rather than as cooperative apartments. ("[t]he Tax Assessor had missed the critical factor that SL II was a cooperative, not a condominium.") The affidavit of the tax assessor states clearly, however, that "the City of Stamford never taxed, treated, classified or categorized the land and buildings owned by Sylvan Knoll Section II, Inc. as a condominium."
The second contention advanced by the defendant is that the amount of the first year tax savings is impossible or at least difficult to calculate. The Kirwin affidavit explains precisely how the first year tax saving is calculated, and that said amount is $77,163, as noted previously.
The Held affidavit and accompanying memorandum of law also claim that the plaintiff was the "agent" of the defendant and therefore owed the defendant some ill-defined special "fiduciary" duty. The alleged breach of duty was that the plaintiff knew its efforts would be successful in an amount greater than anyone anticipated, but never advised its principal.
With respect to the claim of agency, the plaintiff had been acting as a property management agent for the defendant cooperative by virtue of a separate contract entered into in July, 1991. The management contract involves the collection of monthly carrying charges and maintenance of the premises, but does not refer to representation of the defendant with respect to tax assessments. The agreement regarding the defendant's hiring the plaintiff to attempt to reduce defendant's real estate tax assessment was based on an entirely different and separate undertaking entered into several years later. See e.g., Taylor v.Hamden Hall School. Inc., 149 Conn. 545, 552-53, 182 A.2d 615
(1962). (scope of plaintiff's fiduciary duty to defendant school as head master did not extend to school's real estate dealings such that headmaster's purchase of mortgage on school premises did not amount to a breach of his fiduciary duty to the school).
Thus, although the plaintiff was the defendant's agent in connection with managing the cooperative, the engagement letter CT Page 9794 at issue here is clear that the defendant hired the plaintiff for the sole task of attempting to lower its tax assessment. In addition, the defendant's affidavit is vague as to the nature of the alleged fiduciary duty. One claim by the defendant is that the plaintiff knew the exact amount of the master mortgage on the subject premises, which mortgage was described by the defendant as a "Negative Factor." The tax assessor in his affidavit makes it very clear that the amount or existence of a master mortgage does not affect in any way his valuation of the defendant's property.
Thus, neither the defendant's affidavit nor any other document in this case discloses the existence of any genuine issue as to any material fact, and hence the plaintiff is entitled to judgment for breach of contract as a matter of law in the amount of $77,163 plus costs as taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 22nd day of November, 1996
William B. Lewis, Judge