******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOLEN, INC. *v.* BRODIE AND STONE,
PLC, ET AL.
(AC 40725)

Lavine, Keller and Bishop, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant B Co. for, inter alia, breach of fiduciary duty. The plaintiff and B Co. had entered into a distribution agreement in which B Co. agreed to be the plaintiff's distributing agent. After that agreement terminated, the plaintiff brought the present action alleging multiple claims arising out of the parties' business relationship, including that B Co. had breached certain fiduciary duties that it owed to the plaintiff. Thereafter, the trial court granted B Co.'s motion for summary judgment on the ground that no fiduciary relationship existed between the parties. From the judgment rendered thereon, the plaintiff appealed to this court, claiming that, in light of the trial court's unchallenged determination that an agency relationship existed between the parties, its subsequent failure to conclude that such relationship was per se fiduciary in nature was incorrect as a matter of law. *Held* that the trial court improperly rendered summary judgment in favor of B Co. on the plaintiff's breach of fiduciary duty claim; in light of agency law, which makes clear that an agent is, by definition, a fiduciary, and given the trial court's conclusion, which B Co. did not challenge, that the operative terms of the distribution agreement established, as a matter of law, the existence of a principal-agent relationship between the parties, it necessarily followed that B Co. had been the plaintiff's fiduciary with respect to matters within the scope of its agency, and the court's contrary determination, therefore, was erroneous.

Argued October 17—officially released December 11, 2018

*Procedural History*

Action to recover damages for, inter alia, breach of fiduciary duties, and for other relief, brought to the Superior Court in the judicial district of Fairfield; thereafter, the court, *Krumeich, J.*, granted the defendants' motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Reversed*; *further proceedings*.

*Frank J. Silvestri, Jr.*, with whom was *Kristen G. Rossetti*, for the appellant (plaintiff).

*Edward R. Scofield*, with whom, on the brief, was *Carolyn A. Trotta*, for the appellees (defendants).

*Opinion*

BISHOP, J. The plaintiff, Jolen, Inc., appeals from the summary judgment rendered by the trial court in favor of the defendant, Brodie & Stone, PLC, and Brodie & Stone International, PLC,[1] on the plaintiff's claim of breach of fiduciary duty. The plaintiff claims on appeal that, in view of the court's unchallenged determination that an agency relationship existed between the parties, its subsequent failure to conclude that such relationship was per se fiduciary in nature was incorrect as a matter of law.[2] We agree and, accordingly, reverse the judgment of the trial court.

The following undisputed facts and procedural history are relevant to this appeal. The plaintiff is a United States based manufacturer of various products for the removal or lightening of unwanted body hair, including a bleach product that it produces in Connecticut.[3] The defendant is a United Kingdom based manufacturer, distributor, and seller of personal care products. By written agreement (distribution agreement) executed by the parties in 1995, the defendant agreed to act as the plaintiff's "sole and exclusive [d]istributing [a]gent" for the purposes of selling and distributing the plaintiff's bleach product[4] in the United Kingdom and the Republic of Ireland, in exchange for a 20 percent sales commission.

Under the distribution agreement, the plaintiff had its product shipped to the defendant in the United Kingdom and thereafter relied on the defendant to, inter alia, clear the plaintiff's product through customs; warehouse the product in the United Kingdom; advertise the product; promptly inform the plaintiff of any factors likely to be relevant to the distribution of the product; sell, ship, and invoice the product to customers; and account to the plaintiff for monies received and remit the funds to the plaintiff via a designated bank account. The defendant also was responsible for covering the costs associated with clearing the product through customs and delivering it to customers, albeit the plaintiff was required to reimburse the defendant for these expenses. While vesting the defendant with these broad responsibilities, the agreement concurrently constrained the defendant's conduct in carrying out its duties by requiring the defendant to, among other things, "at all times give proper consideration and weight to the interests of the [plaintiff] in all dealings and . . . abide by any rules and carry out any instructions from the [plaintiff] as to the sale, storage, pricing, distribution and advertising of the [p]roduct, and other related matters."

The parties continually renewed the distribution agreement until the plaintiff notified the defendant in October, 2014, that it would not be renewing the agreement upon its termination.[5] Thereafter, in October, 2015, the plaintiff commenced the present action

against the defendant alleging multiple claims arising out of the parties' business relationship. In count two of the operative complaint,[6] the only count at issue in this appeal,[7] the plaintiff alleged, in essence, that by virtue of the distribution agreement, the parties had a principal-agent relationship pursuant to which the defendant owed the plaintiff certain fiduciary duties and that the defendant breached these duties in various respects, thereby causing the plaintiff to suffer damages.

On May 5, 2017, the defendant moved for summary judgment on the plaintiff's breach of fiduciary duty claim on the ground that no fiduciary relationship existed between the parties.[8] The plaintiff argued in opposition to the motion that, under the operative terms of the distribution agreement, the parties' relationship constituted an agency relationship as a matter of law and that the defendant was therefore a per se fiduciary of the plaintiff. At oral argument on the motion on June 13, 2017, the defendant responded that, even if the parties had a principal-agent relationship, the court nevertheless needed to make an independent determination as to whether this relationship was fiduciary in nature.

The following day, the court issued a memorandum of decision granting the defendant's motion for summary judgment. The court first addressed the issue of whether a principal-agent relationship existed between the parties. The court began by setting forth the well-established elements required to show the existence of such relationship under Connecticut law: (1) a manifestation by the principal that the agent will act for him, (2) acceptance by the agent of the undertaking, and (3) an understanding between the parties that the principal will be in control of the undertaking.[9] See *Beckenstein* v. *Potter & Carrier, Inc.*, 191 Conn. 120, 133, 464 A.2d 6 (1983). Regarding the standard by which courts determine whether these elements have been met, the court correctly noted that "the labels used by the parties in referring to their relationship are not determinative" and that, therefore, "a court must look to the operative terms of their agreement or understanding." (Internal quotation marks omitted.) Id., 133–34. The court then concluded that its "[r]eview of the operative [distribution] agreement, 'interpreted as a whole, with all relevant provisions [considered] together'; [id., 134]; demonstrate[d] that [the defendant] was [the plaintiff's] agent for the distribution of [the plaintiff's] products to customers in the markets in which [the defendant was] the exclusive distributer."[10]

The court further concluded, however, that "a contractual duty to act as [a] distributer of a manufacturer's product does not necessarily impose fiduciary duties on a distributer to the manufacturer" and that "[m]erely because the parties use the term agent does not deter-

mine whether the parties' relationship is [fiduciary in nature, i.e.,] characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise . . . ." (Internal quotation marks omitted.) Consequently, notwithstanding its determination that an agency relationship existed between the parties, the court proceeded to consider whether such relationship was fiduciary in nature and ultimately concluded that it was not. The court therefore rendered summary judgment in favor of the defendant on the plaintiff's breach of fiduciary duty claim.[11] This appeal followed.

The plaintiff claims on appeal that the court's conclusion that the defendant was its agent, but not its fiduciary, constitutes reversible error. The plaintiff argues that, given the numerous decisions from this court and our Supreme Court indicating that agents are per se fiduciaries, the trial court, after determining that the defendant was an agent of the plaintiff, was constrained to conclude that the defendant was therefore also a fiduciary. We agree.

Preliminarily, we set forth the applicable standard of review. "Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . [T]he scope of our review of the trial court's decision to grant the [defendant's] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Iacurci* v. *Sax*, 313 Conn. 786, 799, 99 A.3d 1145 (2014).

An examination of agency law generally makes clear that an agent is, by definition, a fiduciary. "Agency is defined as the *fiduciary relationship* that arises when one person (a principal) manifests assent to another person (an agent) that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act. 1 Restatement (Third), Agency, § 1.01, p. 17 (2006)." (Emphasis added; internal quotation marks omitted.) *Pelletier Mechanical Services, LLC* v. *G & W Management, Inc.*, 162 Conn. App. 294, 305, 131 A.3d 1189, cert. denied, 320 Conn. 932, 134 A.3d 622 (2016). "The word 'fiduciary' appears in [this] definition to characterize or classify the type of legal relationship that results if the elements of the definition are present and to emphasize that *an agency relationship creates the agent's fiduciary obligation as a matter of law*." (Emphasis added.) 1 Restatement (Third), supra, § 1.01, comment (e), p. 23; see also *Taylor* v. *Hamden Hall School, Inc.*, 149 Conn. 545, 552, 182 A.2d 615 (1962) ("[a]n agent is a fiduciary with respect to matters within the scope of

his agency"). Thus, our Supreme Court has explicitly recognized that agents, as well as certain other categories of actors, "are per se fiduciaries by nature of the functions they perform." *Iacurci* v. *Sax*, supra, 313 Conn. 800. Only where the relationship at issue falls outside these per se categories must a court then proceed to determine on an ad hoc basis whether a fiduciary duty inheres in that relationship. See id. ("[b]eyond these per se categories . . . a flexible approach determines the existence of a fiduciary duty, which allows the law to adapt to evolving situations wherein recognizing a fiduciary duty might be appropriate").

In the present case, the court concluded that the operative terms of the distribution agreement established as a matter of law the existence of a principal-agent relationship between the parties.[12] The defendant has not challenged this conclusion on appeal. Once the court made this legal determination, it necessarily followed that the defendant had been the plaintiff's fiduciary with respect to matters within the scope of its agency. *Taylor* v. *Hamden Hall School, Inc.*, supra, 149 Conn. 552. The court's contrary determination was therefore erroneous, and, consequently, the court erred in rendering summary judgment in the defendant's favor on the plaintiff's breach of fiduciary duty claim on that ground. See *Charter Oak Lending Group, LLC* v. *August*, 127 Conn. App. 428, 439–41, 14 A.3d 449 (trial court improperly determined that defendants owed no fiduciary duty to plaintiff where court had expressly found that relationship between parties was that of principal and agent; "the court's determination that the relationship was one of principal and agent is inconsistent with its subsequent determination that the relationship was not fiduciary in nature"), cert. denied, 302 Conn. 901, 23 A.3d 1241 (2011).

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

[1] The undisputed evidence in the record reflects that Brodie & Stone, PLC, has been dormant since Brodie & Stone International, PLC, was created, and the parties have treated both defendants as a de facto single entity. For the sake of simplicity, we likewise refer to the defendants collectively as the defendant.

[2] The plaintiff also claims that the court erred in concluding that no fiduciary relationship existed between the parties under the undisputed facts of the case. Because we agree with the plaintiff's first claim, we need not address this issue.

[3] Up until 2012, the plaintiff also maintained a principal place of business in Connecticut.

[4] In or around 2000, the defendant also began both manufacturing and distributing a facial wax product on behalf of the plaintiff. The original 1995 distribution agreement, which explicitly pertained only to the bleach product, was not amended to include the new wax product. In the operative complaint, however, the plaintiff alleged that, through the parties' course of conduct, the defendant's responsibilities under the agreement were implicitly expanded to include the wax product and that the defendant was therefore the plaintiff's fiduciary with respect to both products. In their respective briefs on appeal, the parties note in passing their disagreement over whether

the distribution of the wax product fell within the parameters of their contractual relationship. The trial court, however, had no occasion to address the scope of the defendant's alleged fiduciary duty, as the defendant's motion for summary judgment on the breach of fiduciary duty count was based solely on the ground that the defendant did not owe the plaintiff any fiduciary duty at all. Consequently, the issue on appeal is limited to whether the court erred in granting the defendant's motion on this ground; the issue of the scope of the parties' relationship is not presently before us. Thus, although we conclude that the defendant was the plaintiff's fiduciary by virtue of the parties' contractual relationship, we necessarily leave it to the trial court to determine the scope of this relationship on remand.

[5] The original term of the agreement was from May 1, 1995 through April 30, 1999. The agreement further provided, however, that unless notice of termination were given six months prior to the expiration of the term, the agreement would be deemed to have been renewed for another four years, with the new four year term beginning on the expiration date of the prior term.

[6] The plaintiff's second amended verified complaint, filed May 5, 2017, is the operative complaint.

[7] The plaintiff also alleged claims for breach of contract, an accounting, and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. The defendant moved for summary judgment on the CUTPA claim, which the court granted, but the plaintiff withdrew this claim before judgment could be rendered on it. The plaintiff also withdrew the claims for breach of contract and an accounting.

[8] The defendant's motion for summary judgment, as filed, was directed toward the plaintiff's first amended verified complaint. The parties subsequently stipulated, however, that the motion be applied to the operative, second amended verified complaint.

[9] On appeal, the parties do not challenge the trial court's application of Connecticut law to the plaintiff's breach of fiduciary duty claim.

[10] We note that, "[a]lthough the question of agency is a question of fact when the evidence is conflicting or is susceptible of more than one reasonable inference . . . agency becomes a question of law [that may properly be resolved on a motion for summary judgment] when, as in the present case, the facts are undisputed." (Citation omitted.) *Yale University* v. *Out of the Box, LLC*, 118 Conn. App. 800, 813, 990 A.2d 869 (2010) (*Borden, J.*, dissenting), citing *Russo* v. *McAviney*, 96 Conn. 21, 24, 112 A. 657 (1921) ("Proof of agency is ordinarily a question of fact. . . . When the facts are undisputed it may then become a question of law." [Citations omitted.]); see also 1 Restatement (Third), Agency, § 1.02, comment (a), p. 50 (2006) ("[w]hether a relationship is one of agency is a legal conclusion made after an assessment of the facts of the relationship and the application of the law of agency to those facts").

[11] The plaintiff subsequently moved to reargue the defendant's motion for summary judgment, which the court denied.

[12] The defendant originally contended in its appellate brief that the trial court had never made any determination as to whether it was in fact an agent of the plaintiff and that the court had merely identified the parties as they labeled themselves in the distribution agreement. Upon the motion of the plaintiff, this court subsequently took judicial notice of certain admissions made by Michael Eggerton, the defendant's sole shareholder, its chief operating officer, and the chairman of its board of directors, in a related federal court action. See *Jolen, Inc.* v. *Eggerton*, United States District Court, Docket No. 3:18-CV-00548 (VLB) (D. Conn.). In his answer to the plaintiff's complaint in that action, Eggerton admitted that "[t]he Superior Court [in the present action had] held that [the defendant] was [the plaintiff's] agent . . . ." In view of this admission, the defendant's counsel conceded at oral argument before this court that the trial court had clearly determined that a principal-agent relationship existed between the parties as to the distribution of the plaintiff's products.