MARTHA P. MARTYN, ADMINISTRATRIX (ESTATE OF JOHN S. MARTYN) *v.* ROBERT DONLIN ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued October 6, 1960—decided January 3, 1961

*William E. Glynn,* with whom were *Jerome T. Malliet,* corporation counsel, and, on the brief, *Charles W. Page,* for the appellants (defendants).

*Leon J. RisCassi,* with whom was *William R. Davis,* for the appellee (plaintiff).

MURPHY, J. The plaintiff is the administratrix of the estate of her son, John Martyn. He was shot and killed by the defendant Donlin, a police officer in the city of Hartford, while he, Martyn, was attempting to elude the policeman as the latter sought to apprehend and arrest him. Donlin had observed Martyn, a youth of seventeen, driving an automobile, shortly after midnight on April 20, 1958, at an excessive speed on Main Street in Hartford. He passed other vehicles going in the same direction on their right,

drove erratically and ran through red traffic control signals. Donlin, in a police cruiser, gave chase and meanwhile alerted other police cruisers by radio. He lost sight of Martyn when the latter ran through another red light. Donlin, however, after receiving a radio report, found Martyn's car abandoned on Alden Street. The car had been driven over the curb so that the right front wheel was on the sidewalk; its radio was playing and its lights were on. Donlin, searching the vicinity, heard footsteps and with his flashlight observed Martyn in a driveway. Martyn ran away from the officer, who called to him to stop or "I'll fire," to which the youth replied, "No, I will not," as he vaulted a fence in the rear yard. Donlin fired his service revolver, fatally wounding Martyn.

The plaintiff brought suit against Donlin and the city of Hartford. She alleged that the shooting and death resulted from the carelessness and negligence of Donlin and that, since he was acting in the performance of his duties, the city was also liable, under § 7-465 of the General Statutes. The defendants, in their answer, admitted the killing by Donlin in the performance of his duties but denied that he was negligent. Upon these pleadings, the case proceeded to trial.

After the plaintiff had rested her case, the defendants sought to introduce evidence as to the circumstances surrounding the shooting. The trial court, on its own motion, ruled that the evidence would be excluded unless the defendants amended their answer and affirmatively alleged that the shooting was done by the officer in attempting to arrest a person whom the officer had reasonable cause to believe had committed a felony and therefore was a justifiable homicide. See General Statutes § 6-49. When the defendants had amended their answer to allege in

a special defense that the killing, though unintentional, was justified, they were unsuccessful in introducing evidence, after objection by the plaintiff, to support that defense. The jury returned a verdict against both defendants, and they have appealed.

The assignments of error which have been pursued on the brief or in argument pertain to the exclusion of the evidence to support the special defense; claimed errors in the charge; and the failure to charge the jury with sufficient specificity as to the definition of a felony and that the theft of a motor vehicle is a felony. Two of the witnesses produced by the defendants were Sergeant John J. Nieb and Patrolman Alfred Noel. There is nothing in the claims of proof of the defendants which mentions Nieb, and the only reference to Noel is to the effect that Donlin had heard over his radio from Noel that Martyn's car was going north on Dean Street, which adjoins Alden Street. In the part of the finding concerning the rulings made in the course of the trial, it is stated that the defendants offered Nieb for the purpose of showing the circumstances surrounding the shooting and of showing that Donlin had reasonable cause to suspect that Martyn had committed a felony. Noel was questioned as to whether he had occasion to pursue an automobile on the evening in question. Whatever questions were propounded to Nieb and Noel, neither was permitted to answer. The finding is insufficient for this court to review these rulings on evidence. Section 405 of the Practice Book provides that, when error is claimed in rulings on evidence, the draft finding and finding shall state in each instance, in a separate paragraph, the question, the objection, the answer, if any, and the exception.

In addition, where these do not clearly and sufficiently present the questions of law, a brief statement of such facts as indicate the relevancy or materiality of the evidence should be made so that this court can properly review the disputed rulings. The finding in this case gives us nothing with which to review these rulings. *Krasnow* v. *Krasnow,* 140 Conn. 254, 260, 99 A.2d 104; *Attruia* v. *Attruia,* 140 Conn. 73, 79, 98 A.2d 532.

Donlin was asked several questions relative to his reasons for pursuing Martyn's car, his intent in so doing and his intent when he went into the driveway. The court sustained the objections to these questions, and the defendants excepted to the rulings. The finding as to the questions, though but a sketchy compliance with § 405 of the Practice Book, presents enough of the details to permit a review of the rulings. We make such a review because of the seriousness of the case and the need for a fair trial to all concerned. "The intention of defendant was a fact; as such it was admissible to be weighed with the circumstances surrounding the assault and battery." *Lentine* v. *McAvoy,* 105 Conn. 528, 532, 136 A. 76; *Mentz* v. *Greenwich,* 118 Conn. 137, 146, 171 A. 10; *Reynolds* v. *Vroom,* 132 Conn. 53, 56, 42 A.2d 336; *Horowitz* v. *F. E. Spencer Co.,* 132 Conn. 373, 379, 44 A.2d 702; *State* v. *Mazzadra,* 141 Conn. 731, 735, 109 A.2d 873. The rulings of the court on the question of the officer's intent constituted harmful error.

The defendants have pursued four assignments of error directed to the charge as given to the jury. The record does not indicate that the defendants filed any requests to charge or that at the conclusion of the charge they took exception to any part of the charge. Because of the failure of the defendants to

comply with the provisions of § 153 of the Practice Book, we do not consider the claimed errors in the charge as given. *Towhill* v. *Kane,* 147 Conn. 191, 193, 158 A.2d 251; *Newton* v. *Barnett,* 146 Conn. 344, 346, 150 A.2d 821; *Flynn* v. *Raccuia,* 146 Conn. 210, 214, 148 A.2d 763. And for the same reason we do not pass upon the claim that the court committed error in failing to enumerate crimes which are felonies and in not stating that the theft of a motor vehicle is a felony. The purpose of § 153 of the Practice Book is plainly and concisely stated on the cited page in the *Towhill* case, supra.

Section 7-465 of the General Statutes provides an indemnity to a municipal employee, except a fireman who is covered under § 7-308, for all sums which he becomes obligated to pay by reason of the liability imposed upon him by law for damage to person or property which occurs while he is acting in the performance of his duties and within the scope of his employment. The statute does not, however, provide any indemnity if the occurrence was the result of a wilful or wanton act of the employee. In order for the plaintiff in this case to establish the liability of the municipality under § 7-465, she must prove compliance with the requirements of the statute as to demand and notice and that the conduct of the employee of which she complains was not wilful or wanton. The complaint should be in two counts: the first, alleging the facts essential to the legal liability of the employee, and the second, the facts essential to the legal liability of the municipality under the statute. In an action under this statute, as in the instant case, it may appear that the interests of the municipality and its employee are antagonistic. Therefore, they should be represented by independent counsel.

The defendants were required by the court to file a special defense before proffering evidence to substantiate their claimed defense. Since no assignment of error was addressed to that ruling, we do not determine whether a defense such as was claimed by the defendants has to be affirmatively pleaded in an action alleging negligence. It is suggested that before the case is claimed for a new trial, the plaintiff should file a substituted complaint in two counts as heretofore indicated.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.