JAMES SHAW *v.* INDUSTRIAL SAFETY SUPPLY COMPANY, INC., ET AL.

COURT OF COMMON PLEAS    HARTFORD COUNTY    FILE No. 80967

Memorandum filed January 5, 1962

*Gersten, Butler & Gersten,* of Hartford, for the plaintiff.

*Whitman, Hansen & Pease,* of Simsbury, for the defendant town of Simsbury.

*Howard, Kohn, Sprague & FitzGerald,* of Hartford, and *August & Rice,* of Simsbury, for defendants Burke and Polka.

*Gordon, Muir & Fitzgerald,* of Hartford, for the named defendant.

Lugg, J. The second count of this complaint attempts to set up causes of action against the town of Simsbury and the Tariffville fire district. It alleges they maintained a volunteer fire department, two of whose members, the defendants Burke and Polka, "while in the performance of their duties as Volunteer Firemen, examined, inspected and filled fire extinguishers located at the Simsbury House, Hopmeadow Street, Simsbury, Connecticut." Thereafter, the count further avers, the plaintiff was "injured because of the defective fire extinguisher." It may be noted passim that it is not set forth in what respect it was defective, still less, if true, that Burke or Polka created or contributed in any way to the defect.

Three separate demurrers were addressed to this count: (1) by the town of Simsbury; (2) by the Tariffville fire district, dated 11 December 1961;

and (3) by the Tariffville fire district, dated 14 December 1961. We refer first to demurrer number (1). Its first ground (a) is that the plaintiff did not allege that the conduct of the defendants Polka and Burke (and therefore, presumably, the injury) was not the result of any wilful or wanton act in the discharge of their duties. The action is based upon § 7-308 of the General Statutes, the second sentence of which reads: "Each municipality of this state, notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provisions of any charter, shall pay on behalf of any paid or volunteer fireman of such municipality all sums which such fireman becomes obligated to pay by reason of liability imposed upon such fireman by law for damages to person or property, if the fireman, at the time of the occurrence, accident, injury or damages complained of, was performing fire duties and if such occurrence, accident, injury or damages was not the result of any wilful or wanton act of such fireman in the discharge of such duties." Where a cause of action is created by statute, the exceptions therein must be negated by the party attempting to take advantage of it in his pleading and proof. *Goodwin* v. *Giovenelli,* 117 Conn. 103, 107 (1933); 71 C.J.S. 205, § 86(d). In order for the plaintiff in this case to establish the liability of the municipalities, he must allege and prove that the conduct of the employees of which he complains was not wilful or wanton. *Martyn* v. *Donlin,* 148 Conn. 27, 32 (1961).

Ground (b) of this demurrer attacks the failure of the second count to allege that Burke and Polka were engaged in "fire duties" as defined in § 7-314. The establishment of that fact by the plaintiff is the basis of the remedy provided by § 7-308, and the failure to allege it is fatal to a cause of action at-

tempted to be set up thereunder. *Martyn* v. *Donlin,* supra.

Section 7-308 further sets forth: "No action or proceeding instituted pursuant to the provisions of this section shall be prosecuted or maintained against the municipality or fireman unless at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the clerk or corresponding officer of such municipality." Ground (c) of this demurrer points out the lack of allegation that such demand or claim was so presented. The plaintiff attempts to pass off this attack by stating that paragraph 6 of his second count sets forth that claim was made upon the town of Simsbury. It does nothing of the kind. It is an allegation that notice was given under the statute. The latter requirement is contained in the sentence following the one quoted and is entirely separate and distinct therefrom. It resembles the notice which is set out in the laws authorizing suits for damages caused by defective highways. General Statutes §§ 13-11, 13-87. Neither of these contain the additional requirement of claim or demand, but § 7-465 (providing for assumption of municipalities of liability for damages caused by employees) contains both, as does the section here in issue, § 7-308. The two older highway statutes have been the subject of a wealth of construction, but the other two are so recent that pertinent case law is limited. Obviously, however, the addition of the requirement of claim or demand means something, and that something is separate and distinct from the requirement of notice. No statutory provision is to be regarded as superfluous. *State* v. *Cambria,* 137 Conn. 604, 610 (1951). No part of a legislative enactment is to be treated as insignificant and unnecessary, but courts must presume that the legislature had a purpose

for every sentence, clause or phrase in a statute. *Fox* v. *Zoning Board of Appeals,* 146 Conn. 70, 73 (1958); *McAdams* v. *Barbieri,* 143 Conn. 405, 419 (1956). They must also presume that the General Assembly did not intend to enact useless legislation. *Bergner* v. *State,* 144 Conn. 282, 287 (1957). It is academic here further to particularize the specifics of the quoted sentence, since the second count is barren of any attempt whatever to bring itself thereunder.

One word more: The time schedules set up for claim and notice under §§ 7-308 and 7-465 could be confusing were action attempted to be brought soon after the cause arose. The problem does not arise here, since this complaint was not issued until almost one year after the supposed delict, and hence, in any event, the time for compliance with all statutory requirements had elapsed.

Ground (d) of the demurrer is well taken also. The allegations it attacks do not set up any ground of action included in "fire duties" as defined in § 7-314. The ⸢plaintiff argues that (d) does not set forth the portions of the complaint to which the defendant town demurs. This is absolute nonsense, since (d) is an almost direct quote of the specifications of negligence contained in second count, paragraph 7, subparagraphs (b) and (d). He also claims that (d) is therefore a general demurrer and thus improper under § 96 of the "Practice Act [sic]." Such an argument can only arise from a misunderstanding of that section of the Practice Book and of the statute, § 52-92.

Each ground of this demurrer complies with the statute in that it distinctly specifies the reason why the second count or one of the causes of action set up in it is insufficient. A demurrer may test the sufficiency of a cause of action whether stated in

one pleading or count or in a paragraph or paragraphs thereof. It must be to the entire cause of action so stated, except that where several causes of action are stated in a single pleading or count, it may be addressed to such pleading or count insofar as it purports to state one or more of such causes of action. Practice Book § 96. This complaint is grounded on the statute, § 7-308. Grounds (a) and (c) of the demurrer to the second count attack the failure to allege a fact prerequisite for the maintenance of any action on it. Ground (b) asserts that the delict which is the gravamen of the count is not one for which the statute gives a remedy. The sustaining of any one of these grounds thus defeats the count in its entirety. Ground (d) attacks, in effect, the second count only insofar as it sets up causes of action based on two separate, distinct and self-contained allegations of negligence. The second count would state an entire cause of action if it contained its paragraphs 1 to 6 and 8 and 9 plus only either of 7(b) or 7(d). Sustaining either of these, therefore, destroys the cause of action to which that particular subparagraph of the second count (7[b] or 7[d]) is the keystone. The demurrer hence attacks an entire cause of action in each case and is, as to that issue, therefore entirely correct. *Donovan* v. *Davis,* 85 Conn. 394, 397 (1912). It is noted passim that the plaintiff's memorandum, in arguing this point, states that "the case is listed in the annotation to said section." Argument set forth with such superficiality is useless to the court and futile on behalf of a client. It is undeserving of attention.

The demurrer of the defendant town of Simsbury is therefore sustained on all four grounds.

We proceed now to (2), the demurrer by the Tariffville fire district dated 11 December 1961. It is well taken, in that although the second count

is attempted to be based on General Statutes § 7-308, the plaintiff has failed to allege a breach of any of the fire duties as defined in § 7-314. See the discussion supra. This demurrer is therefore sustained.

As to (3), the district's demurrer dated 14 December 1961, both its grounds were set up by the demurrer of the defendant town of Simsbury and are discussed supra. Both are sustained.