LLOYD BOMBRIANT *v*. CITY OF NEW HAVEN ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 101045
AT NEW HAVEN

Memorandum filed April 6, 1964

340

*John J. Resnik,* of New Haven, for the plaintiff.

*Alfred F. Celentano,* of New Haven, for the defendants.

FITZGERALD, J. At the threshold of the discussion to follow, reference is made to the two opinions of our Supreme Court of Errors in the case of *Martyn* v. *Donlin,* the first of which is reported in 148 Conn. 27 (1961), and the second in 151 Conn. 402, decided February 25, 1964. The *Martyn* opinions, and the case at bar, concern municipal liability for damage caused by a municipal employee under circumstances arising out of § 7-465 of the General Statutes, enacted as Public Acts 1957, No. 401, § 1.

Plaintiff has brought the within action to recover damages for injuries alleged to have been suffered when a car he was operating on a New Haven highway on March 25, 1962, was struck by a car owned by the defendant city of New Haven and operated at the time by its employee, the defendant Anthony Mastriano, within the scope of his employment. The first count of the amended complaint is directed against the defendant Mastriano and alleges various specifications of negligence on the part of this defendant as constituting the proximate cause of the collision and of the plaintiff's resulting injuries. The second count of the amended complaint, after incorporating by reference the allegations of the first count, purports to state a cause of action against the defendant municipality under § 7-465 of the General Statutes. That statute, under certain conditions, imposes liability on a municipality for damage caused by an employee "if the employee . . . was acting in the performance of his duties and

within the scope of his employment, and if . . . [the] injury . . . was not the result of any wilful or wanton act of such employee in the discharge of such duty."

The defendants have interposed a joint demurrer to the second count of the amended complaint on the sole ground that it lacks an essential allegation, namely, that it does not affirmatively allege that the conduct of the defendant Mastriano "was not wilful or wanton," an allegation necessary to impose a statutory liability on the defendant municipality.

The statute (§ 7-465) is designed to change the common-law immunity accorded a municipality for the negligence of its employees. *Jabs* v. *Burlington,* 23 Conn. Sup. 158, 160. As against the defendant municipality, the second count, in the nature of indemnity, must comply with the statutory requirements, including the allegation that the conduct of the defendant employee of which complaint is made was not wilful or wanton. *Martyn* v. *Donlin,* 148 Conn. 27, 32. The requisite pleading by a plaintiff under the "dog-bite" statute (§ 22-357) presents an analogy. See *Schonwald* v. *Tapp,* 142 Conn. 719, 722; *Duell* v. *Coyle,* 22 Conn. Sup. 332, 333.

In so far as the interposed demurrer to the second count of the amended complaint concerns the position of the defendant municipality, it is sustained as to that defendant. Since this count is directed against the defendant municipality and not against the defendant Mastriano, the interposed demurrer joined in by the latter defendant has no standing and is disregarded.

Attention is called to the fact of the desirability of separate counsel for both defendants, referred to in the first opinion of the Supreme Court in the *Martyn* case (148 Conn. 27, 32), and approved in

the second opinion of that case following a retrial. *Martyn* v. *Donlin,* 151 Conn. 402, 415. Alfred F. Celentano, the attorney who presently represents both defendants, is not connected with the office of corporation counsel of the city of New Haven.