ROBERT CURREN *v.* STEVEN VERINIS ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 118473
AT NEW HAVEN

Memorandum filed September 3, 1970

*Jacobs, Jacobs, Grudberg & Clifford,* of New Haven, for the plaintiff.

*Shiff & Shiff,* of New Haven, for the named defendant.

BOGDANSKI, J. On October 13, 1967, the plaintiff, Robert Curren, sustained personal injuries while a passenger in a motor vehicle operated by the defendant Steven Verinis, which was involved in a collision with a motor vehicle operated by the defendant Lucille Williams. Lucille Williams was not covered by liability insurance in connection with the collision. The motor vehicle driven by Steven Verinis was covered by liability insurance with Hartford Accident and Indemnity Company, including uninsured motorist coverage.

The plaintiff, along with the defendant Verinis and other passengers in the Verinis car, instituted arbitration proceedings in connection with the uninsured motorist coverage. Such arbitration resulted in an award to the plaintiff of $8138.33 (pro rata share).

Philip Shiff, who has entered his appearance for the defendant Verinis in this case, has appeared for and represented Hartford Accident and Indemnity Company in the arbitration proceedings in which Steven Verinis was a claimant. The plaintiff now

moves that this court order Philip Shiff to withdraw his appearance in the present case for the reason that the situation of an attorney who represents a client at the same time he represents the client's insurer raises a question of a conflict of interest.

The question is whether a lawyer can represent an insurance company against a claim made by a policyholder under the uninsured motorist coverage of his policy and also represent that policyholder in a suit for damages by a third party. On April 21, 1967, the American Bar Association standing committee on professional ethics, in dealing with this very question, concluded that such a situation represents a conflict of interest; that the committee viewed this situation as a direct breach of Canon 6 of the Canons of Professional Ethics, which states that it is unprofessional to represent conflicting interests; that Canon 6 states that such a conflict exists when a lawyer, in behalf of one client, has the duty to contend for that which duty to another client requires him to oppose; that the committee found the conflict here so irreconcilable that even express consent of all the parties concerned should not allow an attorney to represent both the insurer and insured in such situations.

Here, Attorney Shiff's duty was to oppose the position of Steven Verinis and to minimize the amounts that the insurance company would have to pay to the policyholder. In the present proceedings, Attorney Shiff's duty is to represent his erstwhile opponent, to contend on Steven Verinis' behalf that he was not negligent. In a slightly different context, Connecticut courts have noted that, in an action against a municipality and its employee, the interests are of such a conflicting nature as to require the court to order representation by independent counsel. *Martyn* v. *Donlin,* 148 Conn. 27.

To maintain public confidence in the bar, it is necessary to avoid not only actual wrongdoing but also an appearance of wrongdoing. The conflict of interest in the case at hand creates the possibility of such an appearance and, as in the municipality-employee cases, requires affirmative action by this court.

Wherefore the motion sought for by the plaintiff is hereby granted.