[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff has instituted the present action claiming CT Page 2783 damages for personal injuries claimed to have been sustained as a result of a fall on a sidewalk in the City of Stamford. The First Count of the complaint alleges a cause of action for a breach of statutory duty imposed pursuant to General Statutes Section 13a-149; Second Count of the complaint alleges a cause of action against the Director of Parks and Recreation and the Supervisor of Parks and Recreation (the individual defendants) and claims negligence on the part of the individual defendants in performing their duties as employees of the City of Stamford; the Third Count of the complaint states a cause of action against the City of Stamford based upon the City's obligations, pursuant to General Statutes Section 7-465, to pay any damages rendered against the individual defendants; the Fourth Count of the complaint states a cause of action against the City of Stamford based upon the City's obligation, pursuant to General Statutes Section 7-110a to pay any damages rendered against the individual defendants; and the Fifth Count of the complaint sets forth a cause of action for nuisance.
The defendant has filed a Motion to Strike all counts of the complaint on the following grounds; (1) the defendant has moved to strike the First Count on the ground that the allegations contained therein are disjunctive in manner, when, as a matter of law, an allegation on any one element is inadequate and upon the ground that walkway was located within a park and therefore does not constitute a "Road" within the meaning of General Statutes Section 13a-149; (2) the defendant has moved to strike the Second Count against the individual defendant on the ground that the actions therein alleged are discretionary and supervisory in nature and therefore are protected by governmental immunity; (3) plaintiff has moved to strike all counts of the complaint on the grounds that a walkway within a park cannot form the basis for liability pursuant to General Statutes Section 52-557g et seq. (4) defendant has moved to strike the Fourth Count on the grounds that the right of indemnification provided by General Statutes Section 7-101a does not permit a direct action against the City; and the defendant moves to strike the Fifth Count on the ground that nuisance is legally insufficient and is barred by the specific provisions of General Statutes Section 52-557n.
The defendant claims that the First Count is insufficient because the claims set forth therein do not specifically refer to each of the elements necessary to recover under the Highway Statute as set forth in such cases as Lukas v. New Haven, 184 Conn. 205, 207
(1981) (existence of a defect; actual or destructive notice; opportunity to remedy; and sole proximate cause). The First Count of the complaint specifically states that it is based upon the provisions of General Statutes Section 13a-149 and the defendant CT Page 2784 claims that the sidewalk was actually a walkway within a public park and not a road within the meaning of the Highway Statute. However, the Court "must take the facts to be those alleged in the complaint. . . and must construe the complaint in the manner most favorably to the pleader." Blancato v. Feldspar Corporation,203 Conn. 34, 36 (1987). "When the facts provable under the allegations of the complaint support a cause of action, the Motion to Strike must be denied. Alarms Application, Co. v. Sumsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980). The allegations of the complaint assert that the location of the plaintiff's fall is encompassed by the Highway Statute the Court cannot conclude as a matter of law that such claims are not correct. Accordingly the Motion to Strike the First Count is denied.
The Second Count of the complaint sets forth a cause of action against the individual defendants based upon claims of personal negligence on their part. The plaintiff claims that the duties of the individual defendants are discretionary and therefore protected by governmental immunity. A municipal employee does have a qualified immunity in their performance of a governmental duty but he may be liable if he misperforms a ministerial act. Evon v. Andrews, 211 Conn. 501, 505 (1989). Whether the acts complained of discretionary or ministerial is generally a factual question which depends upon the nature of the acts complained of. Gauvin v. New Haven, 187 Conn. 180, 186 (1982). Generally the defense of governmental immunity must be specifically pleaded in accordance with Practice Book Section 164, except where it is apparent from the face of the complaint that a governmental function is being exercised. In such situations the legal sufficiency of the complaint may be attacked by a Motion to Strike. Brown v. Branford,12 Conn. App. 106, 111, n. 3 (1987). See also Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). Although it may be likely that the acts complained of are protected by governmental immunity, the Court cannot make the determination as a matter of law based solely upon the allegations made in the complaint. Accordingly, the Motion to Strike the Second Count of the complaint is denied.
The defendant also moves to strike all counts of the complaint asserts that they are legally insufficient by virtue of the provisions of General Statutes Section 52-557g which provides, in part, as follows:
 ". . . an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the CT Page 2785 land to persons entering for recreational purposes." (Emphasis supplied).
In ruling upon a Motion to Strike, the Court is limited to the facts alleged in the plaintiff's complaint. Rowe v. Godou,209 Conn. 273, 278 1988). The complaint in the present action is silent as to whether a fee was or was not charged. The parties are at issue, in their respective briefs, as to whether there was or whether there was not a charge. However, on the basis of the language in the complaint the Court cannot determine whether General Statutes Section 52-557g is applicable and accordingly the Motion to Strike all counts on that ground is denied.
The defendant has also moved to strike the Fourth Count of the complaint which sets forth a claim against the City of Stamford pursuant to General Statutes Section 7-101a and asserts that the City is obligated to pay on behalf of the individual defendants all sums which the individual defendants are obligated to pay by reason of the liability imposed upon them for damages awarded to the plaintiff. General Statutes Section 7-101a provides, in part as follows:
 "(a) Each municipality shall protect and save harmless any municipal officer, . . . or any municipal employee, of such municipality from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence, . . . on the part of such officer or such employee while acting in the discharge of his duties.
. . .
 (d) No action shall be maintained under this section against such municipality, or employee unless such action is commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued."
The above quoted statute is a "indemnification statute" which mandates the municipalities protect and save harmless municipal officers arising out of claims by reason of the alleged negligence on the part of the employee. Orticelli v. Powers, 197 Conn. 9,11-12 (1985). The statute is therefore designed to provide indemnification to the employee from the municipality and there is nothing contained in the statute authorizing a direct action such as the one asserted by the plaintiff in the present case. Accordingly the Motion to Strike the Fourth Count is granted. CT Page 2786
The defendant also moves to strike the Fifth Count of the complaint, which is based upon the creation of a nuisance on the grounds that such action may not be maintained in view of the provisions of General Statutes Section 52-557n which provides that municipalities may be liable for "(C) acts of the political subdivisions which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to Section 13a-149." The defendant claims that a cause of action in a nuisance is barred by the provision of the statute inasmuch as the plaintiff is asserting a claim under the Highway Statute. It is true that General Statutes Section 13a-149, is the exclusive remedy for injuries encompassed within its terms. Cook v. Turner,219 Conn. 641, (1991). Sanzone v. Board of Police Commissioners,219 Conn. 179 (1991). Thus, if the plaintiff's injuries arose out of defective road, within the meaning of the statute, a nuisance claim would be barred.
However, under our practice a plaintiff is permitted to advance alternative, and even inconsistent, theories of liability Dryer v. Upjohn Co., 196 Conn. 242, 245 (1985); Burns v. Koellmer,11 Conn. App. 375, 386 (1987). In present case the plaintiff claims, in the First Count, that the sidewalk was a defective road within the meaning of the Highway Statute. That claim is denied by the defendant. If the plaintiff was not injured by means of a "defective road" within the meaning of General Statutes Section 13a-149 then the injury would not be within the "provided" clause of General Statutes Section 52-557n and would not be barred by that provision.
For the reasons hereinbefore stated, the Motion to Strike the Fourth Count of the complaint is granted. In all other respects the Motion to Strike is denied.
RUSH, JUDGE