[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff instituted the present action against the Town of Greenwich ("The Town"), the Republican Registrar of Voters of the Town, the Controller of the Town and certain members of the Greenwich Police Department. The multi-count complaint arose out of the arrest and prosecution of the plaintiff on criminal charges which were eventually dismissed. Liability claimed to exist upon the town solely by virtue of the provisions of Statutes 7-465 and7-101a.
The claims against the individual defendants assert that they instituted the prosecution of the plaintiff with malice and without probable cause in that:
 "Prosecution was instituted not for the purpose of vindicating or upholding the law, but rather for some or all of the following purposes:
a. To force the plaintiff to resign his office;
 b. To force the plaintiff to exceed to the defendant town officials' wishes regarding the hiring of machine mechanics;
c. To make the plaintiff the object of ridicule; CT Page 3624
 d. To vent their hostility and ill will against the plaintiff;
e. To injure the plaintiff."
The claims against the individual police officers assert their actions were "without probable cause and undertaken with malice" in that:
 a. The defendant officers knew that the defendant Thurlow had signed the papers that were the basis of the arrest of the plaintiff and decided that her involvement was "innocent" and without independent investigation;
 b. They knew that there was a political struggle involving the plaintiff and the defendant town officials and other members of the Republican administration, but they ignored this fact;
 c. that they knew of the charges made by the defendant town officials were made for ulterior purposes set forth in paragraph 12 . . . (above quoted);
 d. they knew the alleged offenses charged in no way benefited the plaintiff;
 e. they knew that the practices of the plaintiff were similar to practices of other town departments.
The plaintiff also claims that the police officers intended to inflict emotional distress upon the plaintiff.
The defendant town has moved to strike the second, fourth, sixth, eighth and tenth counts of the complaint on the ground General Statutes 7-465 and 7-101a does not authorize a cause of action against the municipality for the acts alleged and on that ground that General Statutes 7-101a do not authorize a cause of action other than an action brought on behalf of the municipality or by a municipal officer or employee.
General Statutes 7-465 provides for the assumption of liability by the municipality for damage caused by employees if the employee is acting in the performance of his duties and within the scope of his employment "and if such occurrence. accident. physical CT Page 3625 injury or damage was not the result of any wilful or wanton act of such employee . . ." None of the counts directed against the town contain any assertion that the actions of the employees were not wilful or wanton which is a necessary allegation in order for a plaintiff to impose liability under the statute. Martyn v. Donlin,148 Conn. 27, 32 (1961); Bombriant v. New Haven, 25 Conn. Sup. 339,341 (1964); "for definition of wanton" see, West Haven v. Hartford Insurance, 221 Conn. 149 (1992). In addition, there is nothing in the complaint to justify the inference that the conduct complained of was other than wilful or wanton.
Accordingly, the complaint does not contain sufficient allegations to give rise to a claim under General Statutes 7-465.
General Statutes 7-101a provides for indemnification of municipal employees from financial loss and expense. There is nothing in the statute authorizing a direct action against a municipality such as the one asserted by the plaintiff in the present case. See Kuriansky v. The City of Stamford, 7 CSCR 451
(April 20, 1992) (Rush, J.). General Statutes 7-101a also provides that: "[I]n the event such officer or employee has a judgment entered against him for a malicious, wanton or wilful act in a court of law, such municipality shall be reimbursed by such officer or employee for expenses it incurred in providing such defense and shall not be liable to such officer and employee for any financial loss or expense resulting from such act." Accordingly, General Statute 7-101a does not provide a basis for asserting a cause of action against the town under the allegations contained in the complaint.
Accordingly, the Motion to Strike filed by the Town is hereby granted.
RUSH, J.