John KARBOWICZ, et al., Plaintiffs,

v.

BOROUGH OF NAUGATUCK,
et al., Defendants.

No. 3:92CV00450 (RNC).

United States District Court,
D. Connecticut.

July 21, 1995.

William Thomas Blake, Jr., Tinley, Nastri & Renehan, Waterbury, CT, for plaintiffs.

Robert G. Oliver, Kenneth J. Mulvey, Jr., Carolyn P. Gould, Mulvey, Oliver & Gould, New Haven, CT, for defendants.

## ENDORSEMENT RULING

CHATIGNY, District Judge.

This matter is before the Court on defendants' motion for judgment on the pleadings [doc. #57] as to counts three, four, nine, fourteen, sixteen, seventeen and eighteen of the complaint. Defendants have withdrawn the motion as to count three and plaintiffs have agreed to withdraw count eighteen.

■ Counts four, nine and fourteen, alleging unintentional infliction of emotional distress, are barred by qualified immunity, which protects municipal employees against liability for negligent performance of discretionary acts. *See Stiebitz v. Mahoney,* 144 Conn. 443, 448, 134 A.2d 71 (1957). The exception to the qualified immunity of a municipal employee for acts committed with malice, wantonness or intent to injure does not apply to these counts because they are denominated as claims for unintentional infliction of emotional distress, a cause of action based on negligence as opposed to more culpable mental states. *See Montinieri v. Southern New England Tel. Co.,* 175 Conn. 337, 345, 398 A.2d 1180 (1978); *Restatement (Second) of Torts* § 313 (1965). If and to the extent these counts can be read to imply allegations of malice, wantonness or intent to injure, they state claims for intentional infliction of emotional distress based on extreme and outrageous conduct and, as such, are merely duplicative of counts three, four and eight. *See* W. Page Keeton, et al. *Prosser and Keeton on the Law of Torts* § 12, at 64–65 (5th ed. 1984) (liability for emotional distress based on extreme and outrageous conduct extends to conduct that is not intended to cause emotional distress but is wilful, wanton or reckless in its deliberate disregard of a known high degree of risk of it); *Restate-*

ment (Second) of Torts § 46 cmt. i (1965) (same).

Count sixteen adequately alleges a claim under 42 U.S.C. § 1983 against the Borough and defendant Long based on deliberate indifference to a pattern of unconstitutional conduct on the part of subordinates. *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 122–24 (2d Cir.1991); *see generally,* Martin A. Schwartz & John E. Kirklin, *Section 1983 Litigation* § 7.10, at 378 (1991 and Supp.1995) ("when there is a pattern of constitutionally offensive conduct by subordinates, of which supervisory officials have or should have knowledge, and which they fail to correct, it may be proper to infer an official policy of acquiescence in the wrongful conduct.").

■ Count seventeen is legally insufficient in its current form. Conn.Gen.Stat. § 7–101a does not provide a direct cause of action against a municipality. *See Carretta v. Town of Greenwich,* No. CV92–0125560S, 1993 WL 128208, at *2, 1993 Conn.Super. LEXIS 893, at *4 (Apr. 14, 1993); *Kuriansky v. City of Stamford,* 7 C.S.C.R. 451, 452, 1992 WL 65428 (Conn.Super.Ct. Apr. 20, 1992). Moreover, Conn.Gen.Stat. § 7–465 requires an allegation that the employee's conduct was not wanton or wilful. *Bombriant v. City of New Haven,* 25 Conn.Supp. 339, 341, 203 A.2d 609 (1964).

In accordance with the foregoing, defendants' motion for judgment on the pleadings is granted as to counts four, nine, fourteen and seventeen and denied as to count sixteen. Plaintiffs will have 21 days to amend count seventeen of the complaint in accordance with this ruling.

So ordered.