[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNTERCLAIM OF DEFENDANT CONTINENTAL INSURANCE
The motion to strike now before this court in the above-captioned case raises the issue whether a party that is alleged to have a duty to reimburse the plaintiff under a contract of insurance may plead as a counterclaim a right under the same insurance contract to have the plaintiff provide it with a defense and indemnify it against the plaintiff's own claim.
The plaintiff has sued defendant Continental Insurance Co. ("Continental"), alleging that it is liable for failing to reimburse it for a loss that the plaintiff alleges is covered by a stop-loss policy issured by Continental. In its counterclaim, Continental alleges that the plaintiff's loss was caused by the negligent or intentional act of the plaintiff or its third party administrator ("TPA"), and that under the terms of a provision in its contract with the plaintiff titled "Indemnification, Defense and Hold Harmless," the plaintiff is required to provide a defense, indemnify, and hold Continental harmless as to "any liability . . . arising from or related to . . . any negligence, error, omission, defalcation or intentional acts by plaintiff's TPA" or "any dispute involving a covered person, former covered person or any person claiming entitlement to benefits under the Plan, if such expenses were not incurred as a result of Continental Insurance or its underwriting manager's sole negligence or intentional wrongful acts." The plaintiff asserts in its motion to strike that Continental has failed to state a cause of action because the contractual right to a defense and to indemnification does not arise unless and until Continental is found liable, and that since Continental has not alleged that it has been found to be liable in any situation to which the indemnification agreement applies, it has not stated a cause of action but is seeking to plead a hypothetical future liability.
Standard of Review on Motion to Strike
CT Page 10638
The function of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Sherwood v. Danbury Hospital, 252 Conn. 193, 213 (2000);Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-215 (1992); Ferryman v. Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39. The role of the trial court is to examine the complaint, construed in favor of the pleader, to determine whether the pleader has stated a legally sufficient cause of action. ATC Partnershipv. Windham 251 Conn. 597, 603, cert. denied, 530 U.S. 1214 (1999); Doddv. Middlesex Mutual Assurance Co., 242 Conn. 375, 378 (1997); Napoletanov. CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33, cert. denied, 520 U.S. 1103 (1990).
In adjudicating a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff.Gazo v. Stamford, 255 Conn. 245, 260 (2001); Bohan v. Last, 236 Conn. 670,675 (1996); Sassone v. Lepore, 226 Conn. 773, 780 (1993); NovametrixMedical Systems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215; Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The requirement of favorable construction does not extend, however, to legal opinions or conclusions stated in the complaint, but only to factual allegations and the facts "necessarily implied and fairly provable under the allegations." Forbes v. Ballaro, 31 Conn. App. 235, 239 (1993). Conclusory statements or statements of legal effect not supported by allegations of fact will not enable a complaint to withstand a motion to strike. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985); Fortini v. NewEngland Log Homes, Inc., 4 Conn. App. 132, 134-35, cert. dismissed,197 Conn. 801 (1985).
Is the challenged claim maintainable as a counterclaim?
The plaintiff's motion is based on the proposition that a right to indemnification generally is enforceable only after the party entitled to be indemnified has sustained a loss that is within the terms of the duty to indemnify. In the case before this court, however, the plaintiff alleges that it has sustained a loss (in the form of liability to pay medical expenses of an employee) and it claims that Continental Insurance Company is liable to it pursuant to a contract of insurance by which Continental was obligated to pay "stop loss" coverage for the plaintiff effective April 1, 1999, for the plaintiff's ERISA plan, covering expenses in excess of the self-insured retention of $100,000.00. The plaintiff alleges in paragraphs 16 through 19 of Count One of its amended complaint that Continental (which it refers to as part of a collective entity it refers to as "US Benefits" in paragraph 16) has "failed and refused to provide reimbursement in accordance with the terms and CT Page 10639 provisions of the stop-loss coverage." (para. 19).
The clause of the stop-loss insurance policy upon which Continental bases its counterclaim allegedly contains not only a right to indemnification, but also a right to be provided with a defense and to be held harmless against claims "arising from or related to" claims of negligence or misfeasance by the plaintiff's third party administrator. In other counts of the complaint, the plaintiff makes just such claims against its third party administrators, and its claim for reimbursement from Continental could, pursuant to the standard for interpreting pleadings in connection with a motion to strike, be construed to relate to a claim of the sort to which the indemnification provision applies. On the face of the pleadings, there is no indication that this clause does not relate to claims brought against Continental by the plaintiff as an insured as well as to claims brought by third parties.
The plaintiff argues to the effect that a party with a right to a defense and to indemnification must await the adjudication of the claim against it and then bring a separate action for the expenses of defense and for indemnification. It cites no authority for this proposition, and the only cases to which it refers in its brief merely define the difference between liability and indemnification coverage. See, e.g.,Cohn v. Pacific Employers Insurance Company, 213 Conn. 540, 547 (1990).
Numerous statutes suggest that it is not the public policy of Connecticut to require separate, multiple suits where indemnification is claimed, but rather to have the various issues arising from a claim adjudicated in the same proceeding.
The joinder statute, Conn. Gen. Stat. § 52-102a would allow Continental to implead a third party that it claimed was liable to it for the loss claimed by the plaintiff, even though that loss might not arise until the plaintiff's claim was decided. Schurgast v. Schumann,156 Conn. 471, 484 (1968) (claim against insurer properly brought as third party claim by defendant sued for allegedly causing house fire.) Claims for indemnification arising pursuant to Conn. Gen. Stat. § 7-465
may be brought in the same action in which the claim of liability is made. Martyn v. Donlin, 148 Conn. 27, 32 (1961). The apportionment statute, Conn. Gen. Stat. § 52-102b, likewise authorizes adjudication in a single suit of issues concerning the legal responsibility of other parties.
Continental's counterclaim seeks enforcement of an alleged agreement by the plaintiff to defend, indemnify and hold Continental harmless as to certain kinds of claims defined in the insurance contract between Continental and the plaintiff. It would appear nonsensical to hold that a CT Page 10640 defendant cannot maintain against a plaintiff precisely the type of claim that it is authorized to bring against third parties pursuant to Conn. Gen. Stat. § 52-102a.
Conclusion
For the foregoing reasons, Continental's counterclaim states a cognizable claim against the plaintiff, and that claim may be maintained in the same action in which the plaintiff seeks to hold Continental liable. The motion to strike Continental's counterclaim is denied.
Beverly J. Hodgson Judge of the Superior Court