*Edwards v. Hartford*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

————————

August Term 2019

(Argued: September 9, 2019 | Decided: January 10, 2020)

Docket No. 17-3150

CITY OF HARTFORD,

*Defendant-Appellant*,

MATTHEW CORNELL, OFFICER, ERIC BAUMGARTEN, JAMES ROVELLA,
CHRISTOPHER MAY, OFFICER,

*Defendants*,

v.

KENVILLE EDWARDS,

*Plaintiff-Appellee*,

FABIAN EDWARDS, KEITHMICHAEL MITTO, ELIZABETH EDWARDS,

*Plaintiffs*.*

————————

Before:
          WESLEY, CHIN, AND SULLIVAN, *Circuit Judges*.

---

* The Clerk of Court is directed to amend the caption as set forth above.

Defendant-Appellant City of Hartford appeals from a judgment of the United States District Court for the District of Connecticut (Garfinkel, *M.J.*) entered following a jury trial. After an altercation in June 2012 involving the Plaintiff-Appellee Kenville Edwards and Christopher May—a Hartford Police Officer—Edwards brought a civil suit against Officer May and the City alleging excessive force, giving rise to a claim under 42 U.S.C. § 1983, and various state law claims. A jury found for Edwards and awarded him compensatory and punitive damages. Under Connecticut law, the City was required to pay damages on behalf of Officer May so long as his actions were not wilful or wanton. After trial, the City filed a motion for judgment as a matter of law to avoid the assumption of liability. The district court granted the City's motion with respect to the punitive damages award but denied the motion with respect to the compensatory damages award. Hartford argues on appeal that the district court should have granted the City's motion with respect to all damages. We agree. Accordingly, we **REVERSE** the district court's judgment and **REMAND** for the district court to enter judgment for Hartford and for further proceedings consistent with this opinion.

————————————

NATHALIE FEOLA-GUERRIERI, Office of the Corporation Counsel, Hartford, CT, *for Defendant-Appellant*.

JAMES J. HEALY, Cowdery & Murphy, LLC, Hartford, CT (Peter M. Van Dyke, Eagan, Donohue, Van Dyke & Falsey, LLP, West Hartford, CT, *on the brief*), *for Plaintiff-Appellee*.

————————————

WESLEY, *Circuit Judge*:

Defendant-Appellant City of Hartford, Connecticut (the "City" or "Hartford") appeals from a judgment of the United States District Court for the

District of Connecticut (Garfinkel, *M.J.*) entered following a jury trial.[1] This case involves a confrontation between Hartford Police Officer Christopher May and Plaintiff-Appellee Kenville Edwards that resulted in injuries to Edwards and a suit alleging civil rights violations against the City and Officer May. In his complaint and at trial, Edwards argued that Officer May acted wilfully or wantonly by using excessive force to arrest him, giving rise to a claim under 42 U.S.C. § 1983. Edwards also contended that the City, pursuant to CONN. GEN. STAT. § 7-465, was liable to pay any compensatory damages for his injuries arising from the arrest.[2]

The jury found for Edwards on the excessive force claim and awarded him both compensatory and punitive damages. The City filed a motion for judgment as a matter of law to avoid the assumption of liability for all damages on the grounds that the jury found Officer May's actions to be wilful or wanton. The district court granted the City's motion with respect to the punitive damages award only.

---

[1] The parties consented to trial before Magistrate Judge Garfinkel.

[2] The parties' briefs, and indeed much of the case law, refer to section 7-465 as an "indemnification" statute. We believe indemnification differs somewhat from the statute at issue here and instead use the language found in section 7-465, which provides for "assumption of liability" and requires the City to "pay on behalf of" its employees for all but wilful or wanton conduct. *See Indemnify*, Black's Law Dictionary (11th ed. 2019) ("To *reimburse* (another) for a loss suffered . . . ." (emphasis added)).

Hartford argues on appeal that the district court misapplied section 7-465 because, in awarding punitive damages, the jury found that Officer May's actions in causing Edwards's injuries were wilful or wanton, triggering an exception to section 7-465's assumption of liability requirement for all damages attributable to Officer May's conduct. We agree. Accordingly, we reverse the district court's judgment and remand for the district court to enter judgment for Hartford on its motion for judgment as a matter of law and for further proceedings consistent with this opinion.

## BACKGROUND

The relevant facts and procedural history giving rise to this appeal are largely undisputed. In short, a June 2012 altercation between Edwards and Officer May resulted in injuries to Edwards and his arrest. Edwards filed a complaint alleging several state law claims and civil rights violations against Officer May, including use of excessive force pursuant to 42 U.S.C. § 1983. The complaint also brought claims against the City for assumption of liability under section 7-465, which directs Connecticut municipalities to pay for civil judgments against its employees so long as the employee acted in the performance of his duties, within the scope of his employment, and provided his actions were not wilful or wanton.

Ultimately, a jury found in favor of Edwards, awarding him $135,000 in compensatory damages and $275,000 in punitive damages on his excessive force claim. The district court remitted the punitive damages award to $75,000 without objection from Edwards.

The City filed a Rule 50 motion for judgment as a matter of law, seeking to avoid assumption of liability under the wilful or wanton exception to section 7-465. The district court granted the City's motion with respect to the punitive damages award but denied it with respect to the compensatory damages award. The district court determined that "a municipality is required to indemnify an officer for compensatory damages in an excessive force case when a jury also awards punitive damages." App. at 109. The district court relied on *City of West Haven v. Hartford Insurance Co.* ("*West Haven*"), a Connecticut Supreme Court case, which held that a municipality was not liable for the punitive damages award levied against a police officer in a § 1983 case because the officer "acted wilfully or wantonly." *See* 221 Conn. 149, 159 (1992). The district court noted that the court in *West Haven* was "silent on [West Haven's] legal obligation to indemnify for the compensatory portion of the award," but determined it was "clear from [the Connecticut Supreme Court's] analysis that the parties and the court viewed

[compensatory damages] as indemnifiable." App. at 111. The district court therefore bifurcated Edwards's award, holding Hartford liable for the compensatory damages but not for the punitive damages.

This appeal followed.

## DISCUSSION

The parties do not dispute that Hartford is not liable for the punitive damages portion of the award, recognizing that in awarding punitive damages the jury effectively found Officer May's conduct to be wilful or wanton. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("[W]e hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983.").

Rather, Hartford argues on appeal that the district court erroneously created a distinction in the statute that does not exist, *i.e.*, that a municipality could be liable for compensatory damages even if the conduct that warranted a punitive damages award also served as the basis for an award of compensatory damages. According to Hartford, the statute asks only whether the conduct that caused the claimant's injuries was "wilful or wanton." If it was, then the municipality need not pay on behalf of the employee for *any* damages emanating from that conduct. Here, because the jury awarded compensatory and punitive damages arising from

6

the same conduct, Hartford argues that the jury necessarily found Officer May's conduct to be wilful or wanton, thereby eliminating Hartford's duty to pay under section 7-465.

In response, Edwards contends that section 7-465 was designed to ensure that municipalities paid judgments rendered against their employees for injuries they cause while acting within the scope of their employment. Because compensatory damages are different in kind from punitive damages, Edwards claims that the statute requires Hartford to pay.

"We review [a] district court's interpretation of a state statute *de novo*." *Corsair Special Situations Fund, L.P. v. Pesiri*, 863 F.3d 176, 179 (2d Cir. 2017). In essence, "it is our job to predict how [Connecticut's] highest court would decide the issues before us . . . ." *McCarthy v. Olin Corp.*, 119 F.3d 148, 154 (2d Cir. 1997). Our interpretation of a state statute begins with the text. *Martin v. Hearst Corp.*, 777 F.3d 546, 550 (2d Cir. 2015) ("[T]he meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes." (quoting CONN. GEN. STAT. § 1-2z)).

Section 7-465 provides, in relevant part:

**Any town, city or borough** . . . **shall pay on behalf of any employee**

**of such municipality** . . . **all sums which such employee becomes obligated to pay** by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property . . . if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment,[3] and **if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty**.

CONN. GEN. STAT. § 7-465 (emphasis added). Thus, to maintain a claim under section 7-465, the plaintiff must affirmatively plead and eventually prove that her injuries were not the result of the municipal employee's wilful or wanton act. *Martyn v. Donlin*, 148 Conn. 27, 32 (1961); *Gillespie v. Ancona*, No. 3:97-CV-2045 (EBB), 1999 WL 66538, at *6 (D. Conn. Feb. 4, 1999).

The statute draws no distinction between compensatory and punitive damages. It cabins a municipality's liability to injuries and damages caused by employees (1) in the performance of their duties, (2) within the scope of their employment, and (3) that do not arise from wilful or wanton acts. If a police officer injures someone through wilful or wanton conduct, the injured party will certainly

---

[3] It is undisputed that Officer May was acting in the performance of his duties and within the scope of his employment at the time of the incident.

have a compensatory damages claim for her personal injuries and a punitive damages claim to punish the wrongdoer, but she will not have a claim against the municipality under section 7-465. Had Connecticut wanted to make a municipality liable for the compensatory damages portion of such an award *even if* the jury had additionally found that the act was wilful or wanton, it could have done so, but it did not. Section 7-465 does not require that a municipality pay compensatory damages on behalf of its employees when punitive damages were also awarded for the same conduct.

The district court instructed the jury that if it found for Edwards, it must "determine what amount of money should be awarded to [Edwards] as 'compensatory damages' for the injuries sustained that were proximately caused by [Officer May's] wrongful conduct." App. at 104. Additionally, the jury was instructed that if it found that Officer May "intentionally violated a plaintiff's constitutional rights," it had "the option of making a separate and additional award of punitive damages." *Id.* at 106–07. The district court explained that punitive damages were appropriate if the jury found "that the acts of [Officer May] were done maliciously or wantonly or due to a reckless disregard or indifference

9

to the rights of the plaintiff." *Id.* at 107.[4] Moreover, the district court specifically instructed the jury that it may not award punitive or compensatory damages if it found "that the defendant was merely mistaken or negligent in his conduct." *Id.*

In assessing the propriety of punitive damages, the jury was required to "determine whether the plaintiff [proved] that the defendant acted with a malicious or wanton motive or intent or recklessly disregarded the plaintiff's rights." *Id.*[5] It is clear, and the parties do not dispute, that by awarding Edwards punitive damages, the jury determined that Officer May's actions were wilful or wanton. *See id.* Section 7-465 therefore does not require the City to pay for Officer May's acts.

The district court overlooked the fact that there was only one set of acts before the jury from which it determined that Officer May's conduct was wilful or wanton, while awarding both compensatory damages and punitive damages. *See*

---

[4] In its instructions, the court also defined a "malicious act" as one "prompted by ill will or such gross indifference to the rights of others as to amount to an actual intent to harm" and a "reckless or wanton act" as one "performed with a serious or callous disregard for its consequences." App. at 107.

[5] As the Connecticut Supreme Court observed, "[w]hile we have attempted to draw definitional distinctions between the terms wilful, wanton or reckless, in practice the three terms have been treated as meaning the same thing." *Dubay v. Irish*, 207 Conn. 518, 533 (1988).

*id.* at 112. There were not, for example, two events, multiple actions, or separate claims from which the jury could draw a distinction—those that were negligent and those that were wilful or wanton. Both damages awards are predicated on a single set of facts making up a civil rights violation that warranted compensatory *and* punitive damages. By requiring Hartford to pay a portion of these damages on behalf of Officer May, the district court ignored the plain meaning of section 7-465 and, in essence, required Hartford to pay for injuries caused by the wilful or wanton acts of Officer May.

*West Haven* is not to the contrary. In that case, the insurance carrier for the municipality had already paid the compensatory damages award. West Haven paid the punitive damages award and brought suit against the carrier to recover those funds. *See West Haven*, 221 Conn. at 159. The only question before the Connecticut Supreme Court was whether West Haven was required to assume liability for—and thus whether the carrier was required to pay—the *punitive damages* portion of the award. The court had no occasion to rule on whether the

statute required West Haven to pay the compensatory damages portion of the award.[6]

Edwards makes several counterarguments, none of which are availing. First, he relies in part on *Milardo v. City of Middletown*, No. 3:06-CV-01071 (DJS), 2009 WL 801614, at *11 (D. Conn. Mar. 25, 2009), for the proposition that Officer May's actions could have constituted excessive force without being wilful or wanton. There, the district court granted Middletown's motion for summary judgment and denied the plaintiffs' assumption of liability claims for intentional infliction of emotional distress and trespass because those claims were predicated on acts that were wilful, but denied summary judgment as to the plaintiffs' unreasonable search claim because it did not require a finding of wilful or wanton conduct. *Id.* The *Milardo* court properly distinguished between *separate claims* and found that some required a finding of wilful or wanton conduct while others did not. The facts underlying each claim, and the evidence marshaled to prove each claim, were different, which meant the jury could award punitive damages for

---

[6] Here, the district court erred in assuming that because West Haven's insurance carrier paid the compensatory damages portion of the award, apparently without objection, West Haven was *obligated* to pay the compensatory damages on behalf its employee. A carrier's liability decision is not a guiding principle for interpreting a statute.

some of the municipal employees' actions and not for others. Here, we have but *one claim* of excessive force based on discrete conduct by Officer May. Under these circumstances, Officer May's actions could not be both wilful or wanton *and not* wilful or wanton at the same time.

Edwards also argues that, because excessive force is not a specific intent based claim, *see Graham v. Connor*, 490 U.S. 386, 397 (1989), the jury did not need to determine whether Officer May's conduct was wilful or wanton in order to award compensatory damages. This highlights the fatal defect in Edwards's reading of the statute. The problem is not what the jury needed to find to award compensatory damages; the problem is that the jury expressly found that Officer May's conduct was "done maliciously or wantonly or [in] reckless disregard or indifference to the rights" of Edwards. App. at 107. Such a finding is all that is necessary to trigger section 7-465's exception for wilful or wanton conduct under the facts of this case.

Finally, Edwards argues that excusing municipalities from paying any damages on behalf of their employees when punitive damages are awarded would be an absurd result. This is an argument better directed to the Connecticut legislature, which has the authority to draft and amend statutes. But even as a

policy matter, Edwards's argument is unpersuasive. Edwards himself recognizes that not all excessive force claims are predicated on wilful or wanton conduct. *See* Appellee Br. 21 ("[N]othing about [the jury's compensatory damages award] transforms excessive force into an inherently 'wilful or wanton' act under Section 7-465."). Moreover, there remains a multitude of situations in which plaintiffs can seek assumption of liability under section 7-465. For example, had the jury *not* awarded punitive damages, had Edwards not sought punitive damages, or had Edwards brought multiple claims against Officer May and the jury awarded punitive damages for one claim and not for another, this would have been a different case. Edwards exercised his right to seek punitive damages, which necessarily put the wilful or wanton nature of Officer May's actions at issue. The jury agreed with Edwards that Officer May's conduct caused him personal injury for which it awarded compensatory damages and that the nature of that same conduct required a punitive damages award. It is for this reason that Hartford need not pay on behalf of Officer May.

## CONCLUSION

For the foregoing reasons, we **REVERSE** the district court's judgment and **REMAND** for the district court to enter judgment for Hartford on its motion for

judgment as a matter of law and for further proceedings consistent with this opinion.